DAVID WELCH, Appellant, v. GEORGE VEASLEY.

Division Two, December 30, 1920.

1. **SALE OF LAND: Written Contract: Parole Testimony.** The Stat-
ute of Frauds (Sec. 2783, R. S. 1909) requires a contract for the
sale of land to be in writing, and if the written contract has been
made and lost parole testimony of its terms and provisions must
be clear and convincing; and where the agent's written authority
to sell is disputed by the seller, and its existence depends upon
the language of a letter from the seller to the agent which has
been lost, the burden is on the buyer to establish, by clear and
convincing evidence, not only that the letter was written and
received, but that it authorized the agent to contract in the sel-
ler's name for the sale upon definite terms.

2. ———: ———: ———: **Equity Suit: Deference to Chancellor.** A
suit to quiet title and to decree the reformation of a written instru-
ment, alleged by the buyer of land to have varied, by mutual mis-
take, the terms of the contract of sale of land, and to adjudge and
quiet the title upon the performance of the contract as reformed,
is a suit in equity, and on appeal is triable *de novo;* and the find-
ing of facts by the trial chancellor is not binding unless the minds
of the appellate court run in the same channel on the facts, or
unless the facts are so close and conflicting as to require defer-
ence to his better position to judge the credibility of the witnesses.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED (*with directions*).

*N. C. Hawkins* for appellant.

(1) The court erred in permitting Frank Scott to testify as to the letter and its contents. Parol evidence is not admissible to establish the existence of such writing (where denied), or the contents thereof. The writing itself must be produced. Sec. 2783, R. S. 1909; Duncan v. Spencer, 211 S. W. 698; Reigart v Coke Co., 217 Mo. 142; Anderson v. Hall, 273 Mo. 307; Cement Company v. Kreis, 261 Mo. 170; Carrick v. Mincke, 60 Mo. App. 140. To allow the existence, terms and conditions, of a written authority to rest in and be established by parol, nullifies the statute and defeats its design. (2) The answer failed to state facts sufficient to constitute any cause of action against the plaintiff, or any defense to plaintiff's action, in that, it failed to allege: (a) That the alleged agent, Frank Scott, was authorized in writing to enter into any contract to sell this land to the defendant. Rucker v. Harrington, 52 Mo. App. 491-2; Tombs v. Bayse, 65 Mo. App. 30. (b) That the alleged agent was authorized to sell this land and contract with defendant, that plaintiff would make a good warranty deed to him for same upon the payment of the second note, in consideration of the payment of $25 in cash and the execution of fifteen notes for $25 each, with eight per cent interest from July 28, 1916, secured by deed of trust on the property. Kelley v. Thuey, 143 Mo. 435; Ringer v. Holtzclaw, 112 Mo. 522; Johnson v. Fecht, 185 Mo. 335. (c) That defendant had executed the notes and deed of trust, or offered to do so, or that the execution thereof was excused or prevented by plaintiff. Wendover v. Baker, 121 Mo. 290; 38 Cyc. 778; Ranch v. Wickwire, 255 Mo. 61. (3) There was no

competent substantial evidence to sustain the judgment rendered. (a) There was no competent evidence offered tending to show that Scott had any authority to make the contract he made. Johnson v. Fecht, 185 Mo. 335. (b) There was no evidence tending to show that defendant, at the time he made the contract with Scott, executed or offered to execute the notes and deed of trust, or that the execution of the same was excused or prevented by plaintiff, or that defendant ever offered to execute the notes or deed of trust until in October, 1916, after plaintiff had learned of the alleged sale and repudiated it. Defendant had not complied with the contract made. Wendover v. Baker, 121 Mo. 290. (c) There was no tender into court, of the amount defendant would owe the plaintiff, under the contract, he seeks to enforce, to-wit, $137.50 and notes, and deed of trust.

*J. E. Duncan* and *J. E. Brewer* for respondent.

MOZLEY, C.—This action concerns the ownership, between plaintiff and defendant, of Lot 1, in Block 31, in Hunter's Addition to the City of Caruthersville, Pemiscot County, Missouri.

Suit to quiet title thereto was brought by plaintiff in the circuit court of said county, June 23, 1917, in two counts, one to quiet the title under the provisions of Section 2535, Revised Statutes 1909, and the other to recover possession, damages, monthly rent, etc., until the possession of said lot was restored.

Defendant pleaded in his answer that on July 28, 1916, and now, he was the owner and in the lawful possession of said lot and that on said day plaintiff, by his agent Frank Scott, contracted with defendant in writing to sell, and did sell, said lot to him at the price and sum of $400—twenty-five dollars in cash, defendant to execute fifteen promissory notes of that date, each for twenty-five dollars, payable one every three months, with interest at eight per cent from date, and when the second of said notes was paid to him defendant, in turn,

was to give plaintiff a deed of trust thereon to secure the payment of the remainder of said notes, but by mutual mistake of said Frank Scott, who wrote said contract, and defendant, said contract provided for the making of seven notes only, when by the terms of the contract actually made it should have provided for fifteen notes.; alleged further that he had paid twenty-five dollars to plaintiff and had made valuable and lasting improvements on said lot, aggregating $200; alleged that he was willing and ready to pay plaintiff all of the money due on said contract and to give said deed of trust to secure the remainder of said notes and, in all things, do as he had contracted, but alleged that plaintiff refused, and still refuses, to comply with his part of said contract.

Plaintiff replied with a specific denial of all of the averments of said answer.

The contract of sale of said lot between plaintiff and defendant was offered and read in evidence, and is as follows:

"Agreement made this, the 28th day of July, 1916, between David Welch of Anaheim, California, party of the first part, and George Veasley of Caruthersville, Missouri, party of the second part;

"The said party of the first part hereby agrees to sell and convey by good warranty deed to the party of the second part the following described property;

"All of Lot 1, in Block 31, Hunter's Addition to Caruthersville, Missouri, for and in consideration of the sum of four hundred dollars to be paid by said party of the second part in the manner as follows:

"Twenty-five dollars cash, the receipt whereof is hereby acknowledged, and to execute seven promissory notes, payable one in every three months, of twenty-five dollars each, bearing interest at eight per cent.

"That the party of the first part after receiving payment on the second note shall prepare and deliver a good warranty deed to the party of the second part,

and the party of the second part shall deliver to the party of the first part his 'Deed of Trust' to secure the remainder of the payments.

"Witness the hands and seals of the said parties on the day and said year first above written.

"DAVID WELCH, By FRANK SCOTT, Agent.

His

"GEORGE X. VEASLEY,

Mark.

"Witness Mrs. R. M. Forster."

The cause was tried as an action in equity before the court, without instructions, and decree went for defendant, adjudging the correction of said contract in accordance with defendant's answer and the performance thereof as corrected.

After a motion for a new trial had been overruled by the court, the cause was duly appealed to this court.

I. The pivotal question in this case is, was plaintiff's agent, Frank Scott, authorized to sell the lot in question to defendant?

On this point plaintiff testified as follows:

"I wrote letters to Frank Scott. I did not write him or tell him to sell this property in question. I never heard of George Veasley wanting to buy this property in question until I came back. I did not authorize him to sell this lot in question, I never knew it was sold, I didn't know he wanted it. I never did tell him to sell the property for $400. I never wrote him to do so. I didn't know it was sold till I got here. He sold the lot for less than I ever thought of selling it. I never gave Scott any authority in regard to this property. I would not have signed the papers conveying the property to Veasley for $400. The only power Scott ever had was to collect rents."

In support of the authority claimed under said written contract (which was drawn by said agent, who signed plaintiff's name thereto) to sell said lot to Veasley, said agent testified as follows:

286 Mo.—7

"I have had correspondence with David Welch, before this, with reference to selling this lot. I have lost the letter. I can't find it anywhere. I have looked through my files. I found a few letters, but not that one. David Welch was living in California at the time. I don't have any recollection that I wrote anything about selling it to Veasley. I wrote him for his price on that and other property. He wrote me not to sell any of his property for less than $500, except this one and one other. This one for $400,—$25 cash, and $25 every three months at eight per cent. Nothing was said about making a deed therefor."

Where the Statute of Frauds requires a contract to be in writing (Sec. 2783, R. S. 1909) and said contract has been lost, parole evidence as to its terms and provisions must be clear and convincing. [Ringer v. Holtzclaw, 112 Mo. 519; Warren v. Mayer Mfg. Co., 161 Mo. 112; Johnson v. Fecht, 185 Mo. l. c. 345; Reigart v. Coal & Coke Co., 217 Mo. l. c. 156 to 159; Smith v. Jones, 66 Ga. 338; 17 R. C. L. sec. 31, p. 1197; 25 R. C. L. sec. 266, p. 638; Van Boskerck v. Torbert, 184 Fed. 419; White v. Bigelow, 154 Mass. 593-95; Elwell v. Walker, 52 Iowa, 256; McCarty v. Kyle, 4 Cold. (Tenn.) 348; Van Horn v. Demarest, 76 N. J. Eq. 386, 389; 29 Am. & Eng. Ency. Law (2 Ed.), p. 824, par. 8; Scurry v. Seattle, 104 Pac. (Wash.) 1129; Cocke v. Evans, 9 Yerg. (Tenn.) 287-88.]

Now, in the instant case, the alleged written authority to make the sale of said lot to defendant was lost, and to establish what it was by parole the proof, under the above authorities, must have been "clear and convincing."

According to the testimony of said agent nothing was said to him by plaintiff about selling said lot to defendant, or about making a deed to defendant therefor. Furthermore, he had upon no previous occasion assumed the authority and responsibility to sign plaintiff's name to any contract to sell his property.

Welch v. Veasley.

II. This is an equity suit and we make our own finding of facts "unless our minds run in the same channel as that of the chancellor below on the facts, or unless they are close and conflicting and we defer to his better position to judge of the credibility of the witnesses." [State ex rel. M. K. & T. Ry. v. Pub. Serv. Comm., 277 Mo. l. c. 193; State ex rel. v. Pub. Serv. Comm., 271 Mo. 155; Gibson v. Shull, 251 Mo. 480.]

If Scott had written authority to sell said lot to defendant and it was lost, defendant in asserting the existence of such authority carried the burden of establishing its existence by "clear and convincing" testimony.

We cannot agree with the finding of fact by the learned chancellor below that plaintiff had given written authority to Scott to sell said lot to defendant. Proof of the existence of such authority was not only not "clear and convincing," but the preponderance thereof was in favor of plaintiff—that he had never given Scott any authority, either verbal or in writing, to sell said lot to defendant.

Said Section 2783, supra, provides that "no contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract."

It is easy to see that if such contract can be made without written authority, or by alleged written authority which is lost, and the existence of which has not been established by proof "clear and convincing," said statute will be devitalized, and the road to fraud in such transactions made easy and straight.

Under this record plaintiff should have recovered.

It results that the cause will have to be reversed and remanded with directions to the chancellor to enter judgment for plaintiff.

It is so ordered. *Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is hereby adopted as the opinion of the court. All of the judges concur.