MEAD *v.* REHM.

1. BROKERS—COMMISSIONS—SUFFICIENCY OF DESCRIPTION IN LISTING AGREEMENT—FRAUDS, STATUTE OF.

   In action for broker's commission, listing agreement describing land to be sold as ''Putnam resort property'' sufficiently identified it.

2. SAME—ORAL AUTHORIZATION TO SIGN FOR OWNER INSUFFICIENT.

   Liability for broker's commission on sale of interest in land may not be based on oral authorization of another by owner to sign listing agreement for him (3 Comp. Laws 1929, § 13417).

3. SAME—RIGHT TO RECOVER COMMISSION ON QUANTUM MERUIT.

   Oral agreement to pay commission on sale of land being void under statute, no recovery on *quantum meruit* may be had, even though service is rendered and accepted (3 Comp. Laws 1929, § 13417).

4. SAME—COMPUTING COMMISSION.

   Liability of vendee for commission on exchange of equity for equity in other property is to be computed on value of contract interest, and not on value of entire property.

Error to Lenawee; Sampson (Jacob N.), J. Submitted October 6, 1931. (Docket No. 18, Calendar No. 34,879.) Decided January 4, 1932.

On necessity that authority of agent to purchase or sell real property be in writing to enable him to recover compensation for services, see annotation in 9 L. R. A. (N. S.) 933.

Assumpsit by Richard T. Mead against John Rehm and others for real estate broker's commission under an option to sell and the common counts. Judgment for plaintiff against defendants John and George Rehm. Defendant John Rehm appeals. Reversed as to defendant John Rehm; remanded as to defendant George Rehm.

*F. B. Wood,* for plaintiff.

*Henry A. Behrendt,* for defendant John Rehm.

WIEST, J. Under land contract John, George, and Grace Rehm held comparatively small vendees' interests in certain resort property at Sand Lake, Lenawee county. They exchanged their interests for equities in other properties. Plaintiff, a real estate broker, brought about the exchange, and in this suit seeks to recover his commission.

The statute, 3 Comp. Laws 1929, § 13417, slightly transposed, provides that:

"Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate   *   *   *   shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized."

George Rehm gave plaintiff the following agreement:

"I hereby agree to pay R. T. Mead a commission of five per cent. on the sale price of the Putnam resort property. Signed, George H. Rehm, Putnam, Sand Lake, Michigan."

George Rehm testified that he was verbally authorized by John Rehm to list the property with plain-

tiff. Plaintiff had judgment against George and John Rehm for the sum of $6,600. This result was reached by computing the commission at five per cent. on the full value of the resort property.

Defendants John and Grace Rehm denied authorizing George Rehm to make the agreement sued upon. They also claimed that the agreement did not sufficiently identify any property. The last-mentioned point is without merit. The listing sufficiently identified the property. Option cases have no application. The other point has merit.

While the statute does not expressly state that one assuming to execute the contract for another must have written authority to do so, yet it does state that he must be lawfully authorized to sign the name of another. This agreement was not signed by John and Grace Rehm, neither did George Rehm sign their names thereto. If John Rehm may be held liable under the claimed verbal authority, then the evil the statute was intended to prevent will be present, and one who cannot be held liable on a verbal promise to pay a commission would be worse off than before the statute, for his liability would depend upon the promise of one asserting verbal authorization. A verbal agreement to pay the commission is rendered absolutely void by the statute, and there can be no recovery on *quantum meruit*, even though the service was rendered and accepted. George Rehm is liable, for he signed the agreement, but his liability is not to be measured upon a consideration of the value of the whole property.

The Rehms held no title, for title was in another. Their vendor consented to a transfer of their interests to another. The liability of George Rehm is to be computed upon the value of the contract interests of the Rehms in the resort property. Upon this

record we cannot compute the amount of the liability of George Rehm.

The judgment is reversed, with costs to defendant John Rehm, and the case remanded to the circuit court, with leave to proceed against George Rehm.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.