EKELMAN v. FREEMAN.

1. FRAUDS, STATUTE OF—BROKERS—AGREEMENT TO PAY COMMISSIONS FOR SALE OF REAL ESTATE.

The purpose of the statutory provision requiring that agreements to pay a commission for the sale of any interest in real estate be in writing was to protect the owners of real estate against unfounded claims based on alleged oral agreements for the payment of commissions for services in procuring sales (CL 1948, § 566.132).

2. SAME—QUANTUM MERUIT—ORAL AGREEMENT TO PAY COMMISSION FOR SALE OF REAL ESTATE.

Recovery on the *quantum meruit* theory may not be had for services rendered in procuring a purchaser for real estate where the express agreement, if any, was oral and, hence, void under the statute of frauds, since to allow recovery under such a theory would, in effect, nullify the statute (CL 1948, § 566.132).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur, Brokers §§ 24, 25.
[2] 8 Am Jur, Brokers § 161.

Appeal from Cheboygan; Fenlon (Edward H.), J. Submitted October 15, 1957. (Docket No. 45, Calendar No. 47,153.) Decided December 24, 1957.

Action by Agnes M. Ekelman against Bernard Freeman and Clara Driscoll for commission on sale of real estate. Judgment for defendants on pleadings. Plaintiff appeals. Affirmed.

*Harry W. Lower,* for plaintiff.

*Gilbert M. Thurston* and *Robert S. Baird,* for defendants.

CARR, J. This action was brought to recover for services claimed to have been rendered in procuring a purchaser for real estate. Plaintiff's amended declaration alleged that she was, and is, a duly licensed real-estate broker under the laws of the State of Michigan and, as such, authorized to employ salesmen. The pleading further set forth that defendants, being the owners of real estate in the city of Cheboygan, entered into a verbal agreement with her for her services in finding a buyer for the premises in question, that plaintiff did so, and that as a result of her efforts the property was sold for the sum of $125,000, with a down payment in the sum of $30,000, the terms and conditions being satisfactory to defendants. The transaction was consummated on September 2, 1955.

Averring that she was the sole and procuring cause of the sale, plaintiff claimed in her pleading that she was entitled to the reasonable value of her services, in the sum of $12,500, with interest, less the sum of $300 alleged to have been paid to her in December, 1955. A second count in the declaration, after a repetition of the preliminary averments of the first count, alleged that defendants orally agreed

to pay plaintiff a commission in the sum of $5,000, and sought the recovery of that sum less the amount received by her.

In answer to the plaintiff's declaration, defendants filed a motion for judgment in their favor, pointing out that the declaration alleged an oral agreement, and asserting that such agreement was void under CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922), subsection 5. Following the submission of the issue on briefs and pleadings, the motion was granted, and judgment in defendants' favor entered accordingly. Plaintiff has appealed. In substance, it is asserted in her behalf that, notwithstanding the express agreement was void under the statute of frauds, she is entitled to recover the reasonable value of the services rendered by her.

The section of the statute above cited, on which defendants rely, reads, insofar as material here, as follows:

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say: * * *

"5. Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate."

The provision of the statute here involved was incorporated therein by PA 1913, No 238. The legislative purpose was to protect the owners of real estate against unfounded claims based on alleged oral agreements for the payment of commissions for services in procuring sales. 12 CJS, p 142; *Thompson* v. *Carey's Real Estate,* 335 Mich 474; *Summers* v. *Hoffman,* 341 Mich 686, 695 (48 ALR2d 1033). It was doubtless deemed expedient, because

of prior litigation involving such claims, to require a writing evidencing the obligation to pay such a commission as the basis of an action to recover. In accordance with the legislative purpose this Court has repeatedly denied the right to recover on the *quantum meruit* theory for services rendered in procuring a purchaser for real estate, the express agreement, if any, being oral and, hence, void under the statute.

In *Paul* v. *Graham,* 193 Mich 447, the Court, after referring to the fact that, under provisions of the statute of frauds relating to contracts of a different character than here involved, recovery was permissible under the theory of implied contract, said (p 451):

"If this rule is to be made applicable to this section of the statute of frauds, it would practically nullify the effect of the statute. Demands for commissions by real-estate brokers are not usually made or pressed until the contract is performed. This being so, a recovery could be had, in nearly every instance, either at the contract price or under the *quantum meruit.* In order to give the act the effect which the legislature evidently intended it should have, we have decided to hold that no recovery can be had under this section unless the agreement therefor is in writing. This is in accord with the holding of other courts which have construed similar statutes. *Leimbach* v. *Regner,* 70 NJL 608 (57 A 138); *Blair* v. *Austin,* 71 Neb 401 (98 NW 1040); *McCarthy* v. *Loupe,* 62 Cal 299."

In accordance with the conclusion indicated, a judgment rendered in the trial court in plaintiff's favor was reversed without a new trial. The decision indicates the interpretation placed by this Court on the 1913 amendment to the statute within a comparatively short time following its enactment.

The above decision was followed in *Smith* v. *Starke,* 196 Mich 311, 315, where, in reversing a judgment for the plaintiff, it was said in part:

"But it is urged by the plaintiff that, even if the statute does render the contract void, he may recover upon the *quantum meruit,* upon the theory that performance takes the case out of the statute. This question is foreclosed by the recent case of *Paul* v. *Graham,* 193 Mich 447, where we had this statute under consideration and held that no recovery could be had upon the *quantum meruit* for services performed under an agreement that was within the provisions of this statute and therefore void.

"It follows that, plaintiff's contract with defendant being void, and no recovery permissible under it or upon the *quantum meruit,* the judgment must be reversed, and no new trial awarded."

In *Mead* v. *Rehm,* 256 Mich 488, 490, it was held that defendant John Rehm was not liable for any commission on the sale of real estate, he not having signed any agreement therefor. The following language from the opinion is significant:

"If John Rehm may be held liable under the claimed verbal authority, then the evil the statute was intended to prevent will be present, and one who cannot be held liable on a verbal promise to pay a commission would be worse off than before the statute, for his liability would depend upon the promise of one asserting verbal authorization. A verbal agreement to pay the commission is rendered absolutely void by the statute, and there can be no recovery on *quantum meruit,* even though the service was rendered and accepted."

The foregoing statement was quoted with approval, and the decision followed, in *Jaynes* v. *Petoskey,* 309 Mich 32, 36. These decisions clearly indicate the interpretation heretofore placed by this Court on the statutory provision involved. Under circumstances

of the character indicated in the case at bar the right
of recovery under the *quantum meruit* theory, the
express agreement to pay a commission on the sale
of real estate being void because verbal, has been re-
peatedly and consistently denied. The trial judge
was correct in his disposition of the case.

Counsel for appellant has directed attention to a
number of cases, among which is *Bagaeff* v. *Proko-
pik*, 212 Mich 265 (17 ALR 1292). There the plain-
tiff sought to recover on a promissory note given
by defendant in settlement of a claim for a commis-
sion which defendant had orally promised to pay
plaintiff for services in effecting an exchange of real
estate. Judgment in plaintiff's favor was sustained,
the Court rejecting defendant's contention that there
was no consideration for the note because the oral
promise to pay the commission was void under the
statute. This Court recognized the invalidity of the
oral promise but pointed out that defendant by his
written obligation admitted a consideration there-
for, further indicating that the moral obligation so
recognized was sufficient to support the subsequent
written promise. It may be noted in passing that the
Court expressly referred to the purpose of the stat-
ute. Obviously the case presented a situation not
analogous to that in the case at bar.

Other decisions cited by appellant, among which
are *Grand Rapids Realty Co.* v. *Rogers*, 317 Mich
454; *National Bank of Detroit* v. *Wing*, 318 Mich 436;
*Korby* v. *Sosnowski*, 339 Mich 705; and *Ordon* v.
*Johnson*, 346 Mich 38, may likewise be distinguished
on the basis of the facts. The first 2 of said decisions
involved claims of right to recover, or to receive
credit for, payments that had been made. *Korby* v.
*Sosnowski* was an action for an alleged overcharge
in a real-estate commission. *Ordon* v. *Johnson* in-
volved a contract for the purchase and sale of per-
sonal property, partially performed but void under

the statute of frauds because by its terms it could not be performed within a year from the date of its execution. It was held that defendant was liable for the reasonable value of the property that he had received. It did not concern the right to recover on the *quantum meruit* theory for services rendered under an oral agreement in connection with the sale and purchase of real property.

Appellant's contention finds no support in the prior decisions of this Court, and, on the contrary, is at variance with the interpretation consistently placed on the statutory provision in question since its enactment in 1913. Acceptance of the theory that recovery may be had on the basis of an implied contract in a case like the instant controversy would, in effect, nullify the statute. It would allow recovery in practically all such cases where, as here, no claim for a commission is, or can be, made until the services have been fully performed. Such result would defeat the attempt of the legislature to remedy the situation giving rise to the amendment. The fact that defendants paid plaintiff $300 in December, 1955, does not alter the situation. Liability to make additional payments was not thereby created.

The judgment of the trial court is affirmed, with costs to defendants.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.