358 So.2d 61 (1978)
James WEINSIER and George Johnnides, Appellants,
v.
Donald SOFFER, Steven Weinsier and Joni Weinsier, Appellees.
No. 77-124.
District Court of Appeal of Florida, Third District.
April 18, 1978.
Rehearing Denied May 19, 1978.
Koeppel, Stark & Newmark, Joe N. Unger, Miami, for appellants.
Bartel, Levine & Shuford, Miami, for appellees.
Before PEARSON, HUBBART and KEHOE, JJ.
PEARSON, Judge.
James Weinsier and George Johnnides, defendants in the trial court, appeal a final judgment entered after a trial before the court without jury. Steven Weinsier and Joni Weinsier were also defendants, and judgment was entered against them. They have not appealed. Donald Soffer was the plaintiff. His complaint sought recovery against the defendants for a share of the financial losses Soffer suffered as a result of loans made to a corporation known as the Monza Boat Company. The court found that Soffer and the defendants had agreed to obligate themselves for the capital requirements of Monza Boat Company and for losses suffered in the business.
In its "Order Clarifying Final Judgment," the court stated:
"1. Plaintiff, DONALD SOFFER, adduced substantial admissible evidence at trial that there was a capital contribution agreement between Plaintiff, DONALD SOFFER, and Defendants, STEVEN WEINSIER, JAMES WEINSIER and GEORGE JOHNNIDES, sufficiently reflected by note or memorandum thereof in writing and signed by each party to be charged therewith or by some other person *62 by him thereunto lawfully authorized, whereby each participant in the enterprise known as Monza Boat Company would be obligated for the capital requirements of the enterprise and losses of the business to the extent of his percentage ownership in the business.

 DONALD SOFFER 40%
 STEVEN WEINSIER 20%
 JAMES WEINSIER 20%
 GEORGE JOHNNIDES 20%"

Thus, the judgments against defendants James Weinsier and George Johnnides, each in the amount of $24,542.60, represented 20% of the losses on Monza Boat Company in proportion to the stock owned which it was claimed had been guaranteed by defendants as of January 15, 1973, the date on which the defendants terminated their relationship with the company.
The facts giving rise to these final judgments can be summarized as follows:
1. Plaintiff filed a complaint against the two appellants, as well as against Steven Weinsier and Joni Weinsier, his wife. In pertinent part, the three-count complaint stated:
"4. On or about the 28th day of April, 1972, Plaintiff, DONALD SOFFER, and Defendants, STEVEN WEINSIER, JAMES WEINSIER and GEORGE JOHNNIDES, entered into an agreement to contribute by way of loans to the corporation, such working capital as was needed to cover indebtedness as might arise from time to time, the said loans to be to MONZA BOAT COMPANY, INC., in the following proportions:

 DONALD SOFFER 40%
 STEVEN WEINSIER 20%
 JAMES WEINSIER 20%
 GEORGE JOHNNIDES 20%

"5. Plaintiff kept his part of the bargain but Defendants failed to do so, leaving MONZA BOAT COMPANY, INC. short of needed working capital to the extent of a considerable sum.
"6. Plaintiff, DONALD SOFFER, to protect his investment and loans to date, advanced sums beyond his proportional debt requirement, to the extent of a total of $200,000.00."
The defendants answered, asserting as an affirmative defense the statute of frauds.
In 1971, defendant Steven Weinsier acquired an option to purchase the assets of Monza Marine, Inc., which was engaged in the business of manufacturing and selling boats.
Upon the formation of the new business, Monza Boat Company, defendants Steven Weinsier, James Weinsier and George Johnnides each owned a 20% interest. Plaintiff Donald Soffer became the owner of a 40% share of the business. As testified to by the plaintiff, the defendants acknowledge their liability for losses. When Monza required capital for its operation, the plaintiff was immediately called upon. During the life of Monza, defendant Steven Weinsier contributed solely the sum of $2,876.90, while his brother, James Weinsier, and his partner in other enterprises, George Johnnides, contributed nothing. In late August or early September 1971, the plaintiff and defendants allegedly entered into a written capital contribution agreement whereby the participants in the new boat manufacturing enterprise, Monza Boat Company, would ratably share in the profits and losses of the business based upon alleged percentages.
The plaintiff testified that the writing in question was prepared by the law firm of Lawrence C. Porter and was executed by the plaintiff and all defendants in September, 1971, in Miami, Florida. Thereafter, Donald Soffer testified that he filed his copy of the agreement in his temporary offices at Aventura Trailers, located at 19901 Biscayne Boulevard, Miami, Florida.
Plaintiff testified that his sole copy of the written agreement was destroyed in a 1974 fire at the Aventura Trailer office. A demand for production of copies of the agreement from the defendants was met by their denial that the agreement existed. Plaintiff also sought a copy of the capital contribution agreement from the office of attorney Lawrence C. Porter. Mr. Porter was unable to locate the document or to recall having drafted it.
*63 The trial court based its decision upon the testimony of plaintiff Donald Soffer and entered its final judgment in favor of plaintiff Soffer and against the defendants. This appeal followed.
The first question to be considered is whether in the absence of a written memorandum signed by the parties to be charged, an oral agreement between the plaintiff and the defendants would be sufficient to entitle the plaintiff to recover. There is nothing inherent in this agreement to share losses in a going business which would limit its operation to a period of one year. An oral agreement to enter into a new business which will continue indefinitely has been held to be within the purview of the rule set forth by the Supreme Court in Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937). See Tobin v. Tobin Insurance Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla. 3d DCA 1975); and Davis v. Ferraro, 303 So.2d 407 (Fla. 3d DCA 1974). Cf. First Realty Investment Corporation v. Gallaher, 345 So.2d 1088 (Fla. 3d DCA 1977).
The plaintiff relies upon a claimed exception to this rule, citing Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536 (Fla. 3d DCA 1974). The cited case stands for the proposition that a contract creating a joint venture may be implied from the conduct of the parties or from acts and circumstances which in fact, make it appear that they are participants in a joint venture. A joint venture is therein defined as a special combination of two or more persons who, in some specific venture, seek a profit jointly without the existence between them of any actual partnership, corporation or other business entity.
The plaintiff did not allege nor did the circumstances prove a joint venture. We conclude, therefore, that the statute of frauds (Section 725.01 Florida Statutes (1975) was a valid defense.
The second question is whether evidence before the trial court was sufficient to prove the contents of a lost or destroyed document. The absence of a lost or destroyed document does not necessarily preclude proof of its contents. See Neylans v. Herndon, 79 Fla. 213, 84 So. 89 (1920). It is clear that such proof must be clear, strong and unequivocal. In the cited case, the proof of the contents of the lost instrument was an exact copy.
Where the contents of a claimed lost document are relied upon to avoid the Statute of Frauds, each step in the proof to avoid the statute must be carefully examined. Cf. Welsh v. Veasley, 286 Mo. 93, 227 S.W. 58 (1920). In the case now before us, the existence of the writing was denied by the testimony of the defendants. There is no fact in evidence to support the plaintiff's claim of its existence. The attorney involved had no recollection of its existence. No copy of other evidence of the contents was submitted. Plaintiff's recollection concerned only the purpose for drafting the document. The very purpose of the Statute of Frauds is defeated where the sole proof of the existence and contents of a document relied upon to avoid the Statute is the testimony of the plaintiff.
We hold that the Statute of Frauds was applicable to the claimed contract and that the record does not contain sufficient evidence to avoid the application of the Statute. The judgment is reversed with directions to enter a judgment for the defendants.
Reversed.