PINE-WOOD LIMITED v DETROIT MORTGAGE & REALTY
COMPANY

Docket No. 78-4672. Submitted November 21, 1979, at Detroit.—Decided January 22, 1980. Leave to appeal applied for.

Plaintiff Pine-Wood Limited, a limited partnership, engaged defendant, Detroit Mortgage and Realty Company, to obtain financing for a construction project. Plaintiff submitted an application to defendant's mortgage correspondent, the Aetna Life Insurance Company, for a $2.55 million loan. Plaintiff and defendant executed an agreement whereby defendant would receive a $12,750 fee upon: 1) closing of the loan; 2) failure to close after acceptance of a loan commitment; or 3) rejection or a tender of a loan commitment in accordance with the terms of the application. Plaintiff tendered a $12,500 application fee to defendant in accordance with the agreement. The fee would either be applied against the standby deposit required upon acceptance of a commitment or refunded if no commitment was obtained within 30 days. No commitment was so obtained. However, defendant continued its efforts to secure financing, allegedly pursuant to an oral request by plaintiff. Defendant secured a commitment from Aetna for approximately $2.45 million and presented it to plaintiff. Plaintiff claimed it only agreed to review the commitment; defendant claimed plaintiff orally agreed to modify its application and accept the commitment's terms. The commitment was never accepted and plaintiff secured financing, in the original amount, from another source. Plaintiff filed suit in the Oakland Circuit Court against defendant to secure the return of the application fee. Defendant alleged it was entitled to keep the fee pursuant to the executed agreement as orally modified. The court, James S. Thorburn, J., granted summary judgment for plaintiff on the ground that defendant failed to state a valid defense, finding that the statute of frauds barred any oral modifications of the

REFERENCES FOR POINTS IN HEADNOTE
12 Am Jur 2d, Brokers § 41 et seq.
Agreement between brokers as within statute requiring agreement for commissions for the sale of real estate to be in writing. 44 ALR2d 741.

agreement and that the defenses of promissory estoppel, party admission and full performance of the contract as orally modified, all equitable doctrines, were inapplicable to real estate commission cases. Defendant appeals. *Held:*

1. Provisions of the statute of frauds requiring that an agreement to pay a commission for the sale of an interest in real estate be in writing applies only to agreements not fully executed and may not be applied to afford recovery of a commission paid incident to a fully consummated transaction.

The Court specifically refused to address the applicability of the equitable defenses of promissory estoppel and party admissions.

Reversed and remanded.

FRAUDS, STATUTE OF — AGREEMENT OF PAY COMMISSIONS — EXECUTED AGREEMENTS

Provisions of the statute of frauds requiring that an agreement to pay a commission for the sale of an interest in real estate be in writing applies only to agreements not fully executed and may not be applied to afford recovery of a commission paid incident to a fully consummated transaction (MCL 566.132[e]; MSA 26.922[e]).

*Kerr, Russell & Weber* (by *Robert R. Nix, II* and *John N. Seibel),* for plaintiff.

*Barris, Sott, Denn & Driker* (by *Eugene Driker* and *David K. McDonnell),* for defendant.

Before: ALLEN, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

M. J. KELLY, J.

Plaintiff, Pine-Wood Limited, brought this action in Oakland County Circuit Court to recover a $12,500 mortgage loan application fee. The trial court granted plaintiff's motion for summary judgment pursuant to GCR 1963, 117.2(2), finding that defendant had failed to state a valid defense to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff's claim. Defendant now appeals that judgment as a matter of right.

During 1976 plaintiff contacted defendant, Detroit Mortgage and Realty Co., to obtain mortgage loan financing for the construction of a multi-million dollar office building. Plaintiff submitted a mortgage application to defendant's mortgage correspondent, the Aetna Life Insurance Company, seeking a $2,550,000 loan. Contemporaneously, the parties executed a letter agreement dated September 16, 1976, setting forth the manner in which defendant was to be compensated for its services.

The agreement provided that the defendant was to receive a fee of $12,750 upon the occurrence of any one of three conditions:

"* * * closing of the loan, failure to close after acceptance of a commitment for the loan, or upon rejection of our tender of a commitment in accordance with the terms of the application."

The agreement further required the plaintiff to pay $12,500 to the defendant as an application fee. It was provided that:

"This fee * * * will be applied against the standby deposit required upon acceptance of a commitment. If a commitment is not obtained within 30 days after the date of the application, the application fee will be refunded."

Defendant concedes that it failed to obtain a mortgage commitment that complied with the terms of the application within the 30-day period. Despite the expiration of the 30-day period, the defendant continued its efforts to secure financing. Defendant alleged that this was pursuant to an oral request by the plaintiff that defendant extend

the 30-day period and continue its efforts to secure a mortgage commitment.

Thereafter, the defendant was able to secure a commitment from Aetna for approximately $100,-000 less than the original request in plaintiff's loan application. In October, 1976, this commitment was presented to the plaintiff. It is plaintiff's position that it merely agreed to review this commitment. It is defendant's position that plaintiff orally agreed to modify its loan application and to accept the terms proposed by Aetna.

The commitment was never accepted by the plaintiff. Rather, plaintiff sought and secured financing from another source upon terms consistent with its original application with Aetna. On December 13, 1976, plaintiff told defendant that the Aetna commitment would not be accepted, and requested that the application fee be refunded. The defendant refused.

Plaintiff, thereafter, brought the present action, alleging that the commitment issued by Aetna deviated from that requested in the application and that, accordingly, it was entitled to a refund. The defendant asserted that it was entitled to retain the fee, claiming that it had earned it as a commission by timely obtaining an acceptable mortgage commitment. The defendant relied on two alleged oral agreements: (1) an oral agreement of the plaintiff to extend the 30-day period, and (2) an oral agreement to modify the terms of the loan application.

Plaintiff moved for summary judgment on the ground that the defendant failed to state a valid defense to the claim. GCR 1963, 117.2(2). Plaintiff argued that the agreement between the parties was subject to the statute of frauds and that the alleged oral modifications were barred thereby.

Defendant responded, raising the defenses of promissory estoppel, party admissions and full performance of the contract as orally modified. The trial court found these equitable doctrines inapplicable to real estate commission cases and granted plaintiff's motion for summary judgment based upon defendant's failure to state a valid defense.

The pertinent provisions of the statute of frauds pertaining to commissions for the sale of land or an interest therein provide in part as follows:

"In the following cases an agreement, contract or promise shall be void, unless that agreement, contract, or promise, or a note or memorandum thereof is in writing and signed by the party to be charged therewith * * *.

\* \* \*

"(e) An agreement, promise, or contract to pay a commission for or upon the sale of an interest in real estate." MCL 566.132(e); MSA 26.922(e), *Aetna Mortgage Co v Dembs,* 13 Mich App 686; 164 NW2d 771 (1968).

An agreement to obtain a mortgage upon real estate is an agreement concerning an interest in real estate. *Wardell v Williams,* 62 Mich 50, 60; 28 NW 796 (1886).

There is no dispute that the letter dated September 16, 1976, was a valid contract in full compliance with the statute; however, any modification of this agreement concerning the eventual execution of a commercial mortgage must also be in writing to be effective. *Michigan National Bank of Detroit v Holland-Dozier-Holland Sound Studios,* 73 Mich App 12, 17-18; 250 NW2d 532 (1976), MCL 556.1; MSA 26.978(1). Accordingly, absent the application of an exception to the above statute, the

alleged oral modifications of the parties' agreement were invalid.

The single issue raised on appeal is whether the trial court erred in holding that the doctrines of estoppel, complete performance and party admissions are inapplicable in the context of real estate commission cases. Although the trial court entered summary judgment without opinion, it apparently relied on several cases presented by plaintiff in which *quantum meruit* recovery was denied in real estate commission cases. *Mead v Rehm,* 256 Mich 488; 239 NW 858 (1932), *Ekelman v Freeman,* 350 Mich 665; 87 NW2d 157 (1957), *Paul v Graham,* 193 Mich 447; 160 NW 616 (1916), *Slocum v Smith,* 195 Mich 281; 161 NW 830 (1917), *Jaynes v Petoskey,* 309 Mich 32; 14 NW2d 566 (1944). In addition, this Court held in *Purification Systems, Inc v The Masten Co, Inc,* 40 Mich App 308; 198 NW2d 807 (1972), that *quantum meruit* or implied contract is not available at law to claim compensation for services rendered pursuant to an oral agreement introducing one to a source for a mortgage loan commitment.

We find the above-cited cases distinguishable from the case at bar in two important respects. Plaintiff herein is not attempting to collect commissions based upon an oral contract whose very existence is disputed by the parties. The existence of an agreement is adequately evidenced by the letter of September 16, 1976; the terms of that contract are now contested due to the alleged verbal modification. Moreover, defendant here has retained possession of the contested funds from the outset of the contractual relationship; those cases upon which plaintiff relies involve attempts to *collect* commissions allegedly due pursuant to an oral contract. Defendant in the instant case does

not urge *quantum meruit* recovery for the value of services rendered according to the terms of a disputed oral contract; rather it claims the right to retain the commission already in its possession earned by its full performance of the modified September 16, 1976, contract.

The Michigan Supreme Court was presented with a similar set of facts in *National Bank of Detroit v Wing,* 318 Mich 436; 28 NW2d 236 (1947). The Toynton-Brown Company, incorporated for the purpose of negotiating real estate transactions, sold individual lots in Riverwood Estates subdivision and retained commissions on the sales. In response to the argument that no written contract authorized the sales and commissions, the Court found the existence of a writing immaterial, noting that,

"* * * this is not the case of a real estate agent seeking to collect commissions * * *. Instead, it is the case of a grantor or vendor seeking to undo that which has been fully accomplished, and on the theory that had the commissions not already been paid the real estate agent for want of a contract could not collect such commissions."

The Court held that under such circumstances:

"The quoted provisions of the statute [the predecessor to MCLA 566.132(e)] relate only to agreements, promises or contracts which have not been fully executed. They may not be applied to and thereby afford a basis of recovery [the return of a commission already paid] incident to fully consummated transactions." *National Bank of Detroit v Wing, supra,* 442, 444.

In the *quantum meruit* cases relied on by plaintiff the courts expressed a fear that, if not barred by the statute of frauds, some unscrupulous bro-

kers might be tempted to intervene, following a completed transaction between buyer and seller, claiming the right to a commission under an alleged oral contract. Defendant here, like the Toynton-Brown Company in *Wing,* seeks to retain the commission already in its possession. This distinction is critical since defendant's possession of the funds eliminates any such potential abuse. It is consistent with the theory of a completed transaction between the parties. Therefore, as indicated by the court's decision in *Wing,* there is no policy reason to deny application of the full performance exception to the statute of frauds.

We are somewhat distressed by defendant's demonstrated lack of business acumen in managing routine matters. It would appear that a prudent mortgage broker would obtain changes and extensions in writing. The statute of frauds is not unduly burdensome in such cases, but, since we are governed by the Supreme Court's decision in *Wing, supra,* we are constrained to hold that the trial court erred in granting summary judgment.

Our decision that full performance is an available valid defense is dispositive of this case; we need not address the applicability of the equitable defenses of promissory estoppel and admissions. We especially decline to do so under the facts presented in this particular case which provide a poor vehicle for any extended discussion of equities. The trial court's entry of summary judgment is vacated and the cause remanded for resolution of the factual dispute pertaining to the alleged modification and extension as pleaded.

Reversed and remanded.