## ZANDER v OGIHARA CORPORATION

Docket No. 156022. Submitted April 6, 1995, at Lansing. Decided
    September 15, 1995, at 9:25 A.M. Leave to appeal sought.

Nicholas and Mariann Zander brought an action in the Living-
    ston Circuit Court against Ogihara Corporation, alleging breach
    of contract resulting from the defendant's failure to enter into
    a lease of the plaintiffs' commercial property for a term of 2½
    years. Following a jury trial, the court, Daniel A. Burress, J.,
    entered a judgment for the plaintiffs and denied the defen-
    dant's motions for a directed verdict, judgment notwithstanding
    the verdict, or a new trial. The defendant appealed, alleging
    that the court erred in finding that the statute of frauds did not
    bar the plaintiffs' action.

The Court of Appeals *held:*

1. The trial court erred in failing to grant the defendant's
    motions for a directed verdict or judgment notwithstanding the
    verdict based upon the statute of frauds defense.

2. The evidence was insufficient to establish a prima facie
    case of breach of contract because the statute of frauds pre-
    cluded the plaintiffs from enforcing the letter of intent upon
    which they relied. The lack of clear and convincing evidence
    that the defendant's representative signed the letter of intent
    makes it unenforceable under the statute of frauds. The plain-
    tiffs cannot avoid the effect of the statute by claiming that the
    defendant partially performed the agreement. Where, as here,
    the contract cannot be performed within one year, partial
    performance fails to negate the writing or signature require-
    ments of the statute.

Reversed and remanded.

1. CONTRACTS — LETTERS OF INTENT.

A letter of intent may be characterized as an agreement to agree
    at a later date and is a valid contract.

REFERENCES

Am Jur 2d, Contracts § 35; Statute of Frauds §§ 403, 606.
See ALR Index under Contracts; Frauds, Statute of; Part Perfor-
    mance.

2. CONTRACTS — STATUTE OF FRAUDS — LOST CONTRACTS — EVIDENCE.
   Clear, strong, and unequivocal, i.e., clear and convincing, parol or
   extrinsic evidence is required to establish proof of the contents
   of a lost contract before a party seeking to rely on the contract
   may be permitted to avoid the writing or signature require-
   ments set forth in the statute of frauds.

3. CONTRACTS — STATUTE OF FRAUDS — PARTIAL PERFORMANCE.
   Partial performance of a contract that cannot be performed
   within one year does not negate the writing or signature
   requirements of the statute of frauds otherwise applicable to
   the contract (MCL 566.108, 566.132[1][a]; MSA 26.908, 26.922[1]
   [a]).

*Michael F. Merritt,* for the plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Carl H. von Ende, Larry J. Saylor,* and *Allyn D. Kantor*), for the defendant.

Before: CORRIGAN, P.J., and MARKEY and J. R. ERNST,* JJ.

PER CURIAM. Following a jury trial, plaintiffs were awarded $746,000 on their claim of breach of contract against defendant. Defendant appeals as of right, asserting that the trial court erred in failing to dismiss plaintiffs' complaint against defendant because the parties' letter of intent regarding defendant's future lease of plaintiffs' commercial property did not satisfy the statute of frauds, MCL 566.108; MSA 26.908. We agree and reverse the judgment.

The facts here are largely undisputed. Plaintiffs and defendant negotiated for defendant to lease a new commercial warehouse and properties that plaintiffs were developing. During the course of negotiations, plaintiffs sent three different letters of intent to defendant. These letters of intent stated, among other things, that the parties agreed

___

* Circuit judge, sitting on the Court of Appeals by assignment.

to enter into a lease of the property for 2½ years, they agreed to split evenly the cost of improvements that defendant needed, and they agreed upon the lease rate. After defendant discovered some problems with the property and refused to enter into the lease, plaintiffs sued, alleging breach of contract. According to plaintiff Mariann Zander, she and her husband signed the second letter of intent (LI-2), which she then faxed to Hiroshi "Matt" Matano, defendant's representative. She testified that Matano signed LI-2 and faxed it back to plaintiffs. Matano denied signing LI-2, however, and plaintiffs were unable to produce the signed, faxed copy of LI-2. Plaintiffs provided no other parol or extrinsic evidence to support their assertion that Matano signed LI-2.

Moreover, on cross-examination, plaintiff Mariann Zander conceded that she and her husband must not have signed the copy of LI-2 that she faxed to Matano because the faxed LI-2 found in Matano's file was unsigned. Also, in the fax cover sheet, Mariann Zander asked Matano to call her after he reviewed her changes to the document, *not* to sign and fax back the LI-2. Additionally, she subsequently sent to Matano the original of LI-2 that bore plaintiffs' signatures. At the top of this document, plaintiffs wrote "please return this copy after signature & witness." Neither Matano nor any other representative of defendant signed or returned this original. Finally, some time later, plaintiffs drafted and sent a *third* letter of intent to Matano (LI-3). Plaintiffs admitted that Matano never signed LI-3, however. On the basis of this testimony, the jury found that a contract existed, that defendant breached the contract, and that plaintiffs were entitled to damages for loss of rent and liquidated damages for improvements they made to the property.

The trial court rejected defendant's contention, among others, that the statute of frauds, MCL 566.108; MSA 26.908, barred plaintiffs' action and refused to grant defendant's motions for a directed verdict, judgment notwithstanding the verdict (JNOV), or a new trial.

This Court reviews de novo questions of law such as whether the statute of frauds bars enforcement of a purported contract. See, e.g., *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991); see also *Jim-Bob, Inc v Mehling,* 178 Mich App 71, 80-81; 443 NW2d 451 (1989). While defendant raises several issues on appeal, the potentially dispositive issue is whether the trial court erred in failing to grant defendant's motion for a directed verdict or JNOV based upon the statute of frauds defense. In reviewing a trial court's grant or denial of these motions, we examine the testimony and all legitimate inferences that may be drawn in a light most favorable to the plaintiff. *Matras v Amoco Oil Co,* 424 Mich 675, 681-682; 385 NW2d 586 (1986); *Thorin v Bloomfield Hills Bd of Ed,* 203 Mich App 692, 696; 513 NW2d 230 (1994). If reasonable jurors could honestly have reached different conclusions, neither the trial court nor this Court may substitute its judgment for that of the jury. *Thorin, supra; Jim-Bob, Inc, supra* at 85-86. "If, on the other hand, the evidence is insufficient to establish a prima facie case, then the motion should be granted, since reasonable persons would agree that there is an essential failure of proof." *Reisman v Regents of Wayne State Univ,* 188 Mich App 526, 538; 470 NW2d 678 (1991).

Here, we believe that the evidence was insufficient to establish a prima facie case of breach of contract because the statute of frauds precluded plaintiffs from enforcing LI-2. According to the

statute of frauds, as set forth in MCL 566.108; MSA 26.908:

> Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing.

See also MCL 566.132(1)(a); MSA 26.922(1)(a), which states in pertinent part:

> (1) In the following cases an agreement, contract, or promise is void unless that agreement, contract, or promise, or a note or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise:
> (a) An agreement that, by its terms, is not to be performed within 1 year from the making of the agreement.

A letter of intent may be characterized as an agreement to agree at a later date and is as valid as any other contract. *Opdyke Investment Co v Norris Grain Co,* 413 Mich 354, 359-360; 320 NW2d 836 (1982); *Pine-Wood Ltd v Detroit Mortgage & Realty Co,* 95 Mich App 85, 89; 290 NW2d 86 (1980); *American Town Center v Hall 83 Associates,* 912 F2d 104, 107-109 (CA 6, 1990). Because LI-2 would be a written agreement to enter into a lease with respect to plaintiffs' commercial property for a period longer than one year, the statute of frauds applies to this case. Under either MCL 566.108; MSA 26.908 or MCL 566.132(1)(a); MSA 26.922(1)(a), therefore, LI-2 would be void if it were

unsigned. *Jim-Bob, Inc, supra* at 87; accord *American Town Center, supra* at 108-109.

We have found no Michigan cases that are factually on point. Defendant relies, however, on the decision in *Weinsier v Soffer,* 358 So 2d 61, 62-63 (Fla App, 1978), where the Florida Court of Appeals reversed the trial court's decision for the plaintiff, whose testimony provided the only proof that the defendants had signed an investment agreement that was subsequently destroyed in a fire. The defendants denied that the agreement existed and asserted the statute of frauds as a defense. In holding that the statute of frauds applied to the claimed contract and that sufficient evidence did not exist to avoid the statute's application, the *Weinsier* court held as follows:

> The absence of a lost or destroyed document does not necessarily preclude proof of its contents. It is clear that such proof must be clear, strong and unequivocal. In the cited case, the proof of the contents of the lost instrument was an exact copy.
>
> Where the contents of a claimed lost document are relied upon to avoid the Statute of Frauds, each step in the proof to avoid the statute must be carefully examined. In the case now before us, the existence of the writing was denied by the testimony of the defendants. There is no fact in evidence to support the plaintiff's claim of its existence. The attorney involved had no recollection of its existence. No copy of other evidence of the contents was submitted. Plaintiff's recollection concerned only the purpose for drafting the document. *The very purpose of the Statute of Frauds is defeated where the sole proof of the existence and contents of a document relied upon to avoid the Statute is the testimony of the plaintiff.* [*Id.* at 63. Emphasis added; citations omitted.]

It is well-established in Michigan that extrinsic

evidence may be used to supplement, but not contradict, the terms of a written agreement, including lost documents. *Opdyke Investment Co, supra* at 367. Yet, the *Weinsier* decision goes a step further to require "clear, strong, and unequivocal" parol or extrinsic evidence to establish proof of the lost contract's contents before permitting a party to "avoid" the requirements set forth in the statute of frauds. We believe that Matano's signature, if it existed, would be considered part of LI-2's "contents." Because the reasoning set forth in *Weinsier* is persuasive in the absence of Michigan case law on point, we hold that extrinsic or parol evidence of Matano's alleged signature on LI-2 must be "clear, strong, and unequivocal," i.e., clear and convincing. Accord 2 Corbin, Contracts (1994 Supp), § 529, p 326.

In the case at bar, the only evidence that plaintiffs presented at trial with respect to this issue was plaintiff Mariann Zander's testimony that she saw a faxed copy of LI-2 containing Matano's signature.[1] Plaintiffs produced virtually every other document and correspondence between the parties, but they could not produce either a faxed copy of LI-2 signed by all parties or the original with all necessary signatures. Indeed, Matano testified at trial that he never signed or faxed LI-2 back to plaintiffs, and all the exhibits relating to LI-2 countered plaintiffs' testimony that Matano had signed LI-2. Moreover, Matano told plaintiffs that he could not sign anything until defendant confirmed that the commercial space was operational. Also, a third letter of intent was prepared and admittedly not signed by defendant. Although plaintiffs assert that this dispute establishes a

[1] Plaintiff Nicholas Zander testified at his deposition, but not at trial, that his wife showed him Matano's signature on the faxed copy of LI-2.

genuine issue of material fact, we believe that the lack of clear and convincing evidence of Matano's signature on the agreement makes LI-2 unenforceable under the statute of frauds. *American Town Center, supra* at 109. "In fact, the historical purpose of the statute of frauds' signature requirement was to avoid situations like the instant one, where each side makes conflicting allegations regarding their oral understanding." *Id.*

Thus, even after construing the evidence in a light most favorable to plaintiffs, we believe that the record does not contain the clear and convincing evidence requisite to avoid the application of the statute of frauds. We, like the *Weinsier* court, will not permit plaintiffs to defeat the purpose and intent of this statute solely on the basis of their own self-serving testimony. *Id.*

Moreover, plaintiffs cannot avoid the statute's effect by claiming that defendant partially performed the agreement. Where the contract cannot be performed within one year, partial performance fails to negate the statute's writing or signature requirements. See *Dumas v Auto Club Ins Ass'n,* 437 Mich 521, 540-541; 473 NW2d 652 (1991); *Kamalnath v Mercy Memorial Hosp Corp,* 194 Mich App 543, 550; 487 NW2d 499 (1992) (relying on MCL 566.132[1][a]; MSA 26.922[1][a]).

Accordingly, even after construing the evidence adduced at trial and all legitimate inferences drawn therefrom in a light most favorable to plaintiffs, we find that reasonable minds could *not* differ because plaintiffs failed to establish that LI-2 satisfied the statute of frauds. *American Town Center, supra; Weinsier, supra.* The trial court erred, therefore, in refusing to grant defendant's motions for a directed verdict or JNOV. See *Jim-Bob, Inc, supra* at 85.

Our resolution of this issue makes it unneces-

sary to address the remaining issues raised on appeal or cross appeal. *McFadden v Imus,* 192 Mich App 629, 634; 481 NW2d 812 (1992).

Reversed and remanded to the trial court for proceedings consistent with this Court's opinion. We do not retain jurisdiction.