**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Yadkin Valley Bank & Trust, Respondent,

v.

Oaktree Homes, Inc., Dawne M. Ras and Thomas C. Ras, Daniel Simpson, Above All Services, Inc., Carter Lumber Company, Efficient Painting Contractors, Inc., Creative Concepts, and Solid As a Rock, Inc., Defendants,

Of whom Oaktree Homes, Inc., is the Appellant.

Appellate Case No. 2011-197970

———————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-306
Heard September 12, 2013 – Filed July 30, 2014

———————

**AFFIRMED**

———————

John S. Nichols and Blake Alexander Hewitt, both of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, and Chad Alan McGowan and William Angus McKinnon, both of McGowan Hood & Felder, LLC, of Rock Hill, for Appellant.

James W. Sheedy and Susan Elizabeth Driscoll, both of Driscoll Sheedy, P.A., of Charlotte, N.C., for Respondent.

---

**PER CURIAM:** Oaktree Homes, Inc. (Oaktree) appeals the trial court's order granting summary judgment to Yadkin Valley Bank & Trust (Yadkin Valley) on Oaktree's counterclaims for breach of contract, negligent misrepresentation, and breach of contract accompanied by a fraudulent act. Oaktree also argues the trial court erred in holding it waived its right to a jury trial on the counterclaims.

1. We find the trial court did not err in holding Oaktree's counterclaims against Yadkin Valley failed as a matter of law because it was unable to produce a written loan agreement. The lender statute of frauds precludes certain actions regarding loans for money where there is no writing evidencing the alleged promise or agreement. *See* S.C. Code Ann. § 37-10-107(1) (2002) (providing that no person may maintain an action or defense based upon a failure to perform an alleged commitment or agreement to lend or borrow money in excess of fifty thousand dollars unless that person "has received a writing from the party to be charged containing the material terms and conditions of the promise, undertaking, accepted offer, commitment, or agreement and the party to be charged, or its duly authorized agent, has signed the writing"). Jurisdictions that allow a party to submit parol or extrinsic evidence to establish proof of a lost memorandum in order to "avoid" the requirements set forth in the general statute of frauds require that evidence to be clear and convincing. *See Weinsier v. Soffer*, 358 So. 2d 61, 63 (Fla. Dist. Ct. App. 1978) (stating proof of a lost document must be clear, strong and unequivocal); *Mossman v. Hawaiian Trust Co.*, 361 P.2d 374, 379 (Haw. 1961) (stating the proof to establish a lost memorandum must be clear and convincing); *Zander v. Ogihara Corp.*, 540 N.W.2d 702, 705 (Mich. Ct. App. 1995) (holding that extrinsic or parol evidence of alleged signature on a contract must be "'clear, strong, and unequivocal,' i.e., clear and convincing"); *Chakur v. Zena*, 233 S.W.2d 200, 202 (Tex. Civ. App. 1950) (stating proof of a lost memorandum must be clear and convincing); 72 Am. Jur. 2d *Statute of Frauds* § 194 (2012) ("Proof to establish the lost memorandum of a contract must be clear and convincing. The memorandum itself is, of course, the best evidence of its contents, and if its loss or destruction is not proved, secondary evidence is not admissible."). We hold that even if this court were to accept the lost memorandum exception to the general statute of

frauds applied to the lender statute of frauds, Oaktree failed to provide the required clear and convincing evidence. *See Satcher v. Satcher*, 351 S.C. 477, 483, 570 S.E.2d 535, 538 (Ct. App. 2002) (defining clear and convincing evidence as the degree of proof that provides the fact finder with a "firm belief as to the allegations sought to be established"); *id.* ("Such measure of proof is intermediate, more than a mere preponderance but less than is required for proof beyond a reasonable doubt; it does not mean clear and unequivocal."); *see also Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330-31, 673 S.E.2d 801, 803 (2009) ("[I]n cases requiring a heightened burden of proof or in cases applying federal law, we hold that the non-moving party must submit more than a mere scintilla of evidence to withstand a motion for summary judgment."). The evidence Oaktree submitted concerning the existence and terms of the loan commitment letter was self-serving and contradictory. *See Weinsier*, 358 So. 2d at 63 ("The very purpose of the [s]tatute of [f]rauds is defeated where the sole proof of the existence and contents of a document relied upon to avoid the [s]tatute is the testimony of the plaintiff."); *Zander*, 540 N.W.2d at 704, 706 (reversing the trial court's denial of defendant's motions for directed verdict and JNOV, and explaining it would not "permit plaintiffs to defeat the purpose and intent of this statute solely on the basis of their own self-serving testimony").

2. We need not address Oaktree's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**