(3 Misc. Rep. 523.)

### KING v. KAISER.

(Common Pleas of New York City and County, General Term. May 8, 1893.)

1. STATUTE OF FRAUDS—ASSIGNMENT OF RENT.
     An assignment of rent must be in writing, under the statute of frauds, rent being an incident to the ownership of real estate.

2. DEED—CONSTRUCTIVE NOTICE—RECORD.
     One who takes a note to be paid out of the rents of real estate after a deed thereof to a third person has been recorded has constructive notice of the conveyance, and is precluded from claiming the rents should be applied to his note.

3. ESTOPPEL—IN PAIS.
     One who accepts the agency from a grantee of land to collect rents is estopped to claim an assignment of the rents from another, where he knows at the time of accepting the agency that the claim of such other to the rents was disputed by the grantee.

Appeal from ninth district court.

Action by James King against J. William Kaiser, Jr., to recover rents of plaintiff's real estate collected by defendant. Defendant had been employed by the husband of plaintiff's grantor to collect the rents before the conveyance to plaintiff, and afterwards accepted the agency from plaintiff to collect the rents of the same premises. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Rabe & Keller, for appellant.
N. J. O'Connell, for respondent.

BOOKSTAVER, J. Prior to May 24, 1892, one Fanny C. Matthews was the owner of the houses Nos. 225 to 229 Willis avenue in the city of New York, and on that day she conveyed the same by deed to the plaintiff herein. Robert H. Matthews, the husband of Fanny C. Matthews, was acting as his wife's agent, in respect to these houses, in collecting the rent, and, by an arrangment between the plaintiff and Matthews, the latter continued to receive the rents after delivery of the deed to the former. Matthews had been in the habit of borrowing money from the defendant, and some time in July, and long after plaintiff's deed had been recorded, Matthews borrowed some money from the defendant, gave him a note, and told him when the note became due he could pay it out of the money coming as rent of plaintiff's property for the month of September, 1892. Both plaintiff and Matthews called upon the defendant, in the early part of that month, and informed defendant that Mr. King was the owner of the premises, and that the rents must be turned over to him. Defendant thereupon asserted his claim against Matthews, and plaintiff said he would have nothing to do with it, and Matthews then told defendant he would pay it, as it was his debt, and then defendant accepted the agency from plaintiff to collect the rents for him. Defendant collected the September rent, but refused to pay it over to the plaintiff, claiming it under the alleged assignment of Matthews to him; thereupon this action was brought to collect the money so withheld. Upon the trial the defendant conceded that he had collected for September $131.19, so that the only issue between the parties was as to the ownership of the rents so collected.

We think that defendant's claim that there was an equitable assignment of the rents to become due is untenable, and that for several reasons: First. No authority was shown in Matthews as agent of Mr. King, the owner, to assign the rents in payment of Matthews' debt. In order to hold the principal, the agent must have acted within the scope of his authority, and, to sustain the claim against the principal, such authority must be proved. 1 Amer. & Eng. Enc. Law, 415, and cases cited. Second. Because it was not claimed on the trial that there was any written assignment of these rents. It is therefore void under the statute of frauds. Rent is a return or compensation for the possession of some corporeal hereditament, and is a certain profit issuing out of land and tenements in return for their use, (2 Bouv. Law Dict. 437; 2 Bl. Comm. 4,) and are incident to the reversion, and naturally attach to the ownership. "Estate and interest in land shall be construed to embrace every estate and interest, freehold and chattel, legal and equitable, present and future, vested and contingent, in lands as above defined." Rev. St. tit. 3, c. 7, § 3. And the Revised Statutes expressly provide that no estate or interest in land other than leases not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered, or declared unless by act or operation of law, or by a deed or evidence in writing subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful representatives thereunto

authorized in writing.[1]     Third. Because the recording of plaintiff's deed, long before the taking of the note, was constructive notice to the defendant and all others of plaintiff's claim as owner.     The object of the recording act is to put every person dealing with the property upon his guard regarding the same, and consequently he cannot now claim that he had no notice of the change of ownership of the property in question.     Fourth. By accepting the agency from the plaintiff, with knowledge that plaintiff disputed any claim of defendant against Matthews payable out of the rents, he is now estopped from claiming any assignment thereof.     The evidence shows that plaintiff and Matthews called upon defendant in September, informed the defendant that plaintiff was the owner of the property and rents should be paid to him.     Thereupon defendant asserted his claim against Matthews, which plaintiff said he had nothing to do with; that defendant must look to Matthews; and that if he wanted to take charge of the premises it must be as plaintiff's agent; and that Matthews said then to defendant he would pay him, and thereupon defendant accepted the employment as plaintiff's agent.     Had defendant then refused to waive his claim to the September rents, it is not at all likely that the plaintiff would have given him charge of collecting the same.     In this way defendant induced plaintiff to repose confidence in him, and he is therefore estopped from claiming anything as against these rents.     Bigelow, Estop. 387.     The judgment should therefore be affirmed, with costs.