Argued October 11, affirmed December 12, 1974

WATTERS, *Appellant, v.* WATTERS, *Respondent.*

528 P2d 1347

*George VanNatta* of VanNatta & Petersen, St. Helens, argued the cause and filed a brief for appellant.

*Donald H. Greene* of Burrows & Greene, Portland, argued the cause for respondent. On the brief was Ernest J. Burrows, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER and LEAVY, Justices.

O'CONNELL, C. J.

This is a suit to quiet title to certain real property. Plaintiff appeals from a decree in favor of defendant.

Plaintiff is the widow of Fred Watters and defendant is the widow of Leslie Watters. Leslie was Fred's father. For many years Leslie Watters and his son, Fred, operated a concrete business in St. Helens, the son having been brought into his father's well-established business. From time to time, at the direction of Leslie, draws were allowed to the son. With part of these funds the son acquired land upon which a shopping complex was later constructed. The Thomas Food Store, the first development on this land, was constructed by Fred with funds so provided. Later, the operator of the food store wanted more space and an addition to the original structure was made with funds provided by Leslie. In making arrangements for this expansion, Leslie explained to Mr. Thomas that if he were to provide the funds he, Leslie, was to receive a portion of the rental in repayment thereof. Plaintiff knew of this arrangement.

At about the same time, Leslie and a Mr. Kimmel reached an agreement whereby they would become partners in a drug store venture, with Leslie providing the funds for the construction of the store. The drug store was constructed in close proximity to the food store addition. With the full knowledge of Fred and plaintiff, Leslie directed that all rent from this operation be paid to him.

Later, Leslie made arrangements for the construction of a dental clinic as a part of the complex of buildings. Leslie, with the complete knowledge of

Fred and plaintiff, directed that the rent from the clinic was to be paid to Leslie. Later, the rent was assigned by Leslie to defendant.

After the death of Leslie, defendant Myrtle Watters, continued collecting the rents from these properties with the full knowledge of Fred and plaintiff until approximately November of 1970, some fifteen months after Leslie's death. At that time payments of the pharmacy rental were placed in escrow with the St. Helens Bank at St. Helens, Oregon, and the rentals from other properties were appropriated by Fred and plaintiff.

Leslie or Myrtle paid approximately $11,000 on account of real property taxes assessed against the property for the land improvements and made expenditures for certain improvements to the property.

It is admitted by plaintiff that she and her deceased husband, Fred, had an understanding with Leslie that certain rentals from the properties in question were to be received by Leslie. Plaintiff takes the position, however, that this agreement was to terminate upon Leslie's death.

■ There was substantial evidence showing that Leslie and Fred intended the rentals were to go to defendant upon Leslie's death. Upon the basis of this evidence, we conclude that under the family agreement the rentals were to be distributed to Leslie Watters for life and upon his death to defendant.

■ The only other issue in the case is whether this family agreement, being oral, violates the Statute of Frauds. Plaintiff contends that the right to receive rent is an interest in land and therefore is subject to the Statute of Frauds. Defendant contends that an

oral agreement between a lessor and a third person, under which the latter is entitled to rentals from lessor's land, is not an agreement involving an interest in real property and is not within the Statute of Frauds.

It is possible to manipulate the ancient common law property concepts to support either plaintiff's or defendant's contentions. Thus, it has been said that rent which is to become due is an incident to the ownership of real property and therefore an assignment of rent must be in writing under the Statute of Frauds.[1] On the other hand, it has been pointed out that whereas rent reserved upon a transfer of the land from lessor to lessee is real property, rent assigned by the lessor after the creation of the lease involves no interest in land (since no land passes from the lessor to the assignee).[2]

At common law rent was the compensation or return for a transfer of land. Thus, it was the rule that to qualify as rent and thus constitute an interest in land, payment by a lessee must be reserved payable to the lessor and not to a third person. A reservation of "debt" to a third person at common law constituted, therefore, neither rent proper nor an interest in land but was regarded as merely a contract.[3]

It appears, then, that if we felt compelled to predicate the solution of modern problems on the ancient rules of the common law we have the precedent

[1] King v. Kaiser, 3 Misc 523, 23 NYS 21 (1893).

[2] Riley v. Sexton, 32 Hun 245, 249 (NY Sup Ct 1884); Minor & Wurts on Real Property, § 77 (1910).

[3] Jones on Landlord and Tenant § 648 (1906); Minor & Wurts on Real Property, § 77 (1910); Tiffany, Law of Real Property, § 884 (3d ed 1939).

for holding that the rental agreement in the present case, although oral, did not violate the Statute of Frauds. Looking at the question with a more modern perspective, the result should be the same. If there is any justification for the Statute of Frauds in requiring a writing for the creation or transfer of interests in land as distinct from other interests, it is to provide more certain and more trustworthy evidence of the terms of land transactions and the character of the ownership thus created. These desiderata are in no way involved where the agreement purports only to shift the payment of rent from the lessor to a third person. In this respect, such an agreement is no different than an agreement by the lessor that upon the receipt of rent each month he will forthwith pay an equivalent sum to his promisee. In either case, there is no need for a writing to subserve the objectives of the Statute of Frauds. We hold, therefore, that the oral agreement to pay certain rental to defendant upon the death of Leslie Watters is valid.

Plaintiff's argument is based principally upon the premise that for the defendant to recover she must rebut the presumption of a gift made by her and her husband Leslie to their son Fred Watters, plaintiff's deceased husband, and further establish the grounds for a resulting trust to Leslie and defendant. Since we have held that the oral agreement to pay the rentals was not within the Statute of Frauds and therefore was valid, it is not necessary for us to consider the validity of the foregoing argument.

Decree affirmed.