## *In re* HANDELSMAN

Docket No. 252205. Submitted May 3, 2005, at Detroit. Decided May 19, 2005, at 9:00 a.m.

Comerica Bank, trustee of the Sarah Handelsman Trust and formerly conservator for Handelsman, petitioned the Oakland County Probate Court for a determination that Handelsman had orally made a gift to Lowell Schultz of the right to collect and keep rents from part of a building owned by the Sarah Handelsman Trust and the Zelig Handelsman Trust. Frances Goldman responded to oppose the petition. The petitioner moved for summary disposition. The respondent opposed the motion, arguing that a genuine issue of material fact remains concerning whether the transfer of rents to Schultz was intended by Sarah Handelsman as a gift and that the purported gift was void under the statute of frauds because it involved a transfer of an interest in real property but was not made in a writing signed by the donor. The court, Eugene A. Moore, J., granted partial summary disposition for the petitioner, ruling that the statute of frauds did not apply to the oral gift of the rents and that the respondent had failed to produce evidence to refute the petitioner's evidence that Sarah Handelsman intended a gift to Schultz. The respondent appealed.

The Court of Appeals *held*:

1. The trial court did not err in granting partial summary disposition for the petitioner because the respondent failed to proffer any admissible evidence in support of her claim that Sarah Handelsman did not make a gift of the rents to Schultz. MCR 2.116(C)(10) requires the party moving for summary disposition to identify the undisputed factual issues and support its position with affidavits, depositions, admissions, or documentary evidence. If the moving party carries its initial burden, the party opposing the motion must then demonstrate with admissible evidence that a genuine and material issue of disputed fact exists. In this case, the petitioner submitted evidence that Sarah Handelsman had made a gift of the rents to Schultz, but the respondent failed to present evidence that Sarah Handelsman had not intended a gift. The trial court did not err in granting partial summary disposition for the petitioner.

2. The trial court correctly determined that a gift of the right to receive rent is not a conveyance of an interest in land to which the statute of frauds applies.

FRAUDS, STATUTE OF — REAL PROPERTY — GIFTS — RENT.

A gift of the right to receive proceeds from the rental of realty is not a conveyance of an interest in land to which the statute of frauds applies (MCL 566.106).

*Bodman LLP* (by *Robert G. Brower* and *David P. Larsen*) for Comerica Bank.

*Wise, Wise & Tucker, P.C.* (by *Stanley E. Wise*), for Frances Goldman.

Before: O'CONNELL, P.J., and MARKEY and TALBOT, JJ.

PER CURIAM. Respondent Frances Goldman appeals by right an order granting partial summary disposition for petitioner. MCR 7.203(A)(2); MCR 5.801(B)(1). This appeal arises from a protracted dispute between two sisters, daughters of the late Sarah "Sally" Handelsman (Handelsman). Respondent Goldman is one of the sisters; the other, Rochelle Schultz, is married to Lowell Schultz. We hold the trial court did not err in granting partial summary disposition because there was no genuine issue of material fact to decide at trial. We also hold that a gift of the right to receive rents is not a conveyance of an interest in land to which the statute of frauds applies. MCL 566.106.

Petitioner, the successor trustee of the Sarah Handelsman Trust, and formerly Handelsman's conservator, moved under MCR 2.116(C)(10) to have the court find that Handelsman gave to Lowell Schultz, as a gift, the right to collect and keep all the rents from the second floor of a two-story commercial building that two Handelsman family trusts owned equally. Petitioner claimed that Handelsman gave Lowell Schultz

the right to receive the upstairs rents in 1985, before she was found to be incompetent in 1995. Respondent opposed the motion, arguing that (1) whether Handelsman intended the transfer of the "upstairs rents" as a gift remained a genuine issue of material fact for trial, and (2) that the purported gift was void under the statute of frauds because it involved the transfer of an interest in real property without a writing signed by the donor. The trial court ruled that the statute of frauds did not apply and granted petitioner's motion because respondent failed to produce evidence to refute petitioner's evidence that Handelsman intended a gift to Schultz.

This Court reviews de novo the grant or denial of a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Whether the statute of frauds applies to the alleged gift presents a question of law that this Court reviews de novo. *Forge v Smith*, 458 Mich 198, 204; 580 NW2d 876 (1998); *Zander v Ogihara Corp,* 213 Mich App 438, 441; 540 NW2d 702 (1995). We conclude that the trial court did not err in granting partial summary disposition for petitioner because respondent failed to proffer any admissible evidence in support of her claim that Handelsman did not make a gift of the upstairs rents to her son-in-law. We also find that the trial court correctly determined that the statute of frauds did not apply.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). The purpose of such a motion is to avoid extended discovery and an evidentiary hearing when a case can be quickly resolved as a matter of law. *Shep-*

*herd Montessori Ctr Milan v Ann Arbor Charter Twp,* 259 Mich App 315, 324; 675 NW2d 271 (2003). The moving party must specifically identify the undisputed factual issues, MCR 2.116(G)(4); *Maiden, supra* at 120, and support its position with affidavits, depositions, admissions, or documentary evidence, MCR 2.116(G)(3)(b); *Smith v Globe Life Ins Co,* 460 Mich 446, 455; 597 NW2d 28 (1999). Here, petitioner submitted two items of evidence to show that Handelsman made a gift of the upstairs rents to her son-in-law, an affidavit by a Comerica trust department employee and the deposition of the attorney who drew up the Sarah Handelsman Trust agreement.

If the moving party carries its initial burden, the party opposing the motion must then demonstrate with admissible evidence that a genuine and material issue of disputed fact exists, otherwise summary disposition is properly granted. MCR 2.116(G)(4); *Smith, supra* at 455 n 2. We evaluate the trial court's decision on petitioner's motion "by considering the substantively admissible evidence actually proffered in opposition to the motion. A reviewing court may not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial. A mere promise is insufficient under our court rules." *Maiden, supra* at 121.

In opposing petitioner's motion, respondent attacked the credibility of petitioner's evidence. In addition, respondent argued that (1) Lowell Schultz referred to the management of the upstairs as "his business" in a prior, uncompleted proceeding; (2) that when Handelsman's trust was restated in 1993, there was no mention of the gift to Schultz; (3) that there is nothing to reflect that a gift was intended; (4) that petitioner's employees had been inconsistent in how they characterized the

transaction; (5) that no gift tax return was ever filed; (6) that "it seems inconceivable that those people all together would have allowed a gift to go improperly treated over all of these years"; and (7) that Handelsman never substantiated the gift in writing. Respondent also argued that the substance of Lowell Schultz's prior testimony would be admissible at trial even though it was inadmissible at the time of the motion because petitioner did not have the opportunity to cross-examine Schultz. MRE 804(b)(1). Respondent additionally argued that the trial court erred by discounting or ignoring Comerica's contradictory treatment of the upstairs rents, Mr. Schultz's prior testimony, and pleadings Mrs. Schultz filed that the arrangement was compensatory.

When reviewing submitted documentary evidence on a C(10) motion, the trial court must consider it in the light most favorable to the nonmoving party. *Maiden, supra* at 120. Further, a trial court may not make findings of fact or weigh credibility in deciding a motion for summary disposition. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). Moreover, this Court will be liberal in finding a genuine issue of material fact that requires a trial to resolve. *Lash v Allstate Ins Co*, 210 Mich App 98, 101; 532 NW2d 869 (1995). Nevertheless, when the party opposing the motion fails to present evidence to establish an issue of material fact, summary disposition is appropriate. *Smith, supra* at 455 n 2; *Porter v Royal Oak*, 214 Mich App 478, 484; 542 NW2d 905 (1995).

In *Davidson v Bugbee*, 227 Mich App 264, 268; 575 NW2d 574 (1997) this Court set forth the elements of a valid gift:

> In order for a gift to be valid, three elements must be satisfied: (1) the donor must possess the intent to transfer title gratuitously to the donee, (2) there must be actual or

constructive delivery of the subject matter to the donee, unless it is already in the donee's possession, and (3) the donee must accept the gift. Acceptance is presumed if the gift is beneficial to the donee. [Citations omitted.]

Respondent conceded that the upstairs rents were delivered to and accepted by Schulz, leaving as the only material issue of fact whether Handelsman intended to transfer the upstairs rents gratuitously to Mr. Schulz. Respondent attacked the credibility and consistency of petitioner's witnesses because of bias and because petitioner gave a contrary position regarding part of the upstairs rents in a prior proceeding, i.e., that the rents were in part compensatory for management services. But, the critical issue here is not how others viewed the situation; rather it is what Handelsman intended. In that regard, it was undisputed that dating back to 1985 Handelsman wanted Lowell Schultz to have the upstairs rents. Further, although Handelsman also expressed a desire that Lowell be involved in the management of the building, there was no evidence that Handelsman considered the rents as compensatory. Respondent offered no evidence of her own—as opposed to evidence attacking petitioner's evidence or credibility—to support her claim that Handelsman did not intend to give the rents to Schultz. Respondent's arguments—such as about petitioner's motives, the failure to file gift tax returns, etc.—provided no evidence of Handelsman's intent in 1985 when she allowed Schultz to begin collecting and keeping the upstairs rents. In sum, respondent failed to submit to the trial court any independent evidence that Handelsman did not intend that the upstairs rents be a gift to her son-in-law, Lowell Schultz.

We recognize that summary disposition is rarely appropriate in cases involving questions of credibility, intent, or state of mind. *Michigan Nat'l Bank-Oakland*

*v Wheeling*, 165 Mich App 738, 744-745; 419 NW2d 746
(1988). Even so, our review de novo of the record
convinces us that, giving the benefit of reasonable
doubt to respondent, reasonable minds could not differ
and would find that Handelsman intended the upstairs
rents as a gift to Schultz. *West v Gen Motors Corp*, 469
Mich 177, 183; 665 NW2d 468 (2003). Accordingly, the
trial court did not err by granting partial summary
disposition for petitioner.

Respondent next argued that Handelsman's gift to
Schultz of the upstairs rents is void under the statute of
frauds, which provides:

> No estate or interest in lands, other than leases for a
> term not exceeding one year, nor any trust or power over or
> concerning lands, or in any manner relating thereto, shall
> hereafter be created, granted, assigned, surrendered or
> declared, unless by act or operation of law, or by a deed or
> conveyance in writing, subscribed by the party creating,
> granting, assigning, surrendering or declaring the same, or
> by some person thereunto by him lawfully authorized by
> writing. [MCL 566.106.]

Respondent cited *Brooks v Gillow*, 352 Mich 189,
195; 89 NW2d 457 (1958), for the proposition that the
statute applies to oral gifts of an interest in real estate.
In *Brooks*, the Court held that the statute of frauds
applied to a purported oral gift of a vendor's interest in
a land contract. The claimant argued that, under the
doctrine of equitable conversion, the vendor's interest
in the land contract was personal property and the gift
was completed by delivery and acceptance of the con-
tract. See *Pittsfiled Charter Twp v City of Saline*, 103
Mich App 99, 103; 302 NW2d 608 (1981), quoting 77 Am
Jur 2d, Vendor and Purchaser, § 317, pp 478-479: " 'A
contract for the sale of land operates as an equitable
conversion; the vendee's interest under the contract
becomes realty and the vendor's interest under the

contract constitutes personalty.' " The *Brooks* Court agreed that Michigan recognized the doctrine of equitable conversion, but nevertheless reasoned that to hold that a vendor's interest in a land contract is personalty to the extent the statute did not apply would "open the door to fraud." *Brooks, supra* at 193. So, the Court held that "[a] vendor's interest in a land contract so far partakes of an interest in real estate that the conveyance, transfer (including the gift) or assignment of such an interest under the statute of frauds must be in writing [and] cannot . . . be the subject of an oral gift *inter vivos.*" *Id.* at 195. Thus, the critical issue in the instant case is whether a gift of rents is a gift of an interest in real property to the extent that the statute of frauds applies.

No published Michigan case answers this precise question. The closest analogous published cases address oral agreements to share profits from the sale of land, which agreements gave been held to fall outside the statute of frauds. See, e.g., *Koffman v Mathews,* 352 Mich 390; 89 NW2d 756 (1958), and *Price v Nellist,* 316 Mich 418; 25 NW2d 512 (1947). " 'The general rule is that agreements to share profits and losses arising from the purchase and sale of real estate are not contracts for the sale or transfer of interests in land and need not be in writing.' " *Koffman, supra* at 394, quoting *Price, supra* at 422. In *Gruppuso v Faraci,* unpublished opinion per curiam of the Court of Appeals, issued March 27, 2001 (Docket No. 220993), this Court extended the general rule to an oral contract authorizing collection of rent on a parcel of land. The *Gruppuso* Court held that, rather than being an interest in land,

> the right to retain the proceeds from renting out defendants' property is more aptly characterized as an interest in rental proceeds. See *Carr v Leavitt,* 54 Mich 540, 541; 20 NW 576 (1884) (oral agreements to share profits arising

from the purchase and sale of real estate are not contracts involving interests in land required to be in writing); see also *Summers v Hoffman*, 341 Mich 686, 697; 69 NW2d 198 (1955) (an agreement to share in profits derived from the sale of realty is not within the statute of frauds). . . . [T]he trial court did not err . . . because the oral loan agreement permitting plaintiffs to retain the rental proceeds did not constitute an interest in land, and thus no writing was required. [*Gruppuso, supra,* slip op at 2.]

Although *Gruppuso* is not binding precedent, MCR 7.215(C)(1), we find that it correctly extended to oral agreements concerning rental payments the long-standing general rule placing outside the statute of frauds oral agreements that do not create or transfer an estate in real property; i.e., that only address profits generated from real estate transactions. In other words, when an oral agreement relates to the money generated by real property, rather than creating or transferring an interest in the real estate itself, the statute of frauds is not implicated. See *Koffman, supra* at 399, quoting *Carr, supra* at 542.

The Oregon Supreme Court, in *Watters v Watters*, 270 Or 673; 528 P2d 1347 (1974), addressed whether that state's statute of frauds precluded enforcement of an oral family agreement that certain rental income generated by a shopping mall go to the family patriarch for life and then to his spouse. The court held that enforcement of the oral agreement was not precluded under either the common law or the modern rationale for the statute of frauds. The court opined:

It is possible to manipulate the ancient common law property concepts to support either plaintiff's or defendant's contentions. Thus, it has been said that rent which is to become due is an incident to the ownership of real property and therefore an assignment of rent must be in

writing under the Statute of Frauds. On the other hand, it has been pointed out that whereas rent reserved upon a transfer of the land from lessor to lessee is real property, rent assigned by the lessor after the creation of the lease involves no interest in land (since no land passes from the lessor to the assignee).

At common law rent was the compensation or return for a transfer of land. Thus, it was the rule that to qualify as rent and thus constitute an interest in land, payment by a lessee must be reserved payable to the lessor and not to a third person. A reservation of "debt" to a third person at common law constituted, therefore, neither rent proper nor an interest in land but was regarded as merely a contract.

It appears, then, that if we felt compelled to predicate the solution of modern problems on the ancient rules of the common law we have the precedent for holding that the rental agreement in the present case, although oral, did not violate the Statute of Frauds. Looking at the question with a more modern perspective, the result should be the same. If there is any justification for the Statute of Frauds in requiring a writing for the creation or transfer of interests in land as distinct from other interests, it is to provide more certain and more trustworthy evidence of the terms of land transactions and the character of the ownership thus created. These desiderata are in no way involved where the agreement purports only to shift the payment of rent from the lessor to a third person. In this respect, such an agreement is no different than an agreement by the lessor that upon the receipt of rent each month he will forthwith pay an equivalent sum to his promisee. In either case, there is no need for a writing to subserve the objectives of the Statute of Frauds. We hold, therefore, that the oral agreement to pay certain rental to defendant upon the death of Leslie Watters is valid. [*Id.* at 676-677 (citations omitted).]

Although neither *Gruppuso* nor *Watters* is binding precedent, we find their reasoning persuasive. Accordingly, we hold that the trial court correctly ruled that

the statute of frauds did not apply to the oral gift of rental income in the case at bar.

We affirm.