# STATE OF MICHIGAN

# COURT OF APPEALS

RAFAEL CASTILLA and ALEKSANDRA VOJCIC,

Plaintiffs/Counter-Defendants-Appellants,

v

CHARLOTTE L. NICHOLSON and MICHAEL B. NICHOLSON,

Defendants/Counter-Plaintiffs-Appellees,

and

DFCU FINANCIAL, RANAJIT MUKHERJEE, SOMA MUKHERJEE, WELLS FARGO BANK, N.A., and DENNIS DAHLMANN,

Defendants-Appellees,

and

ING BANK FSB,

Defendant.

UNPUBLISHED
April 18, 2017

No.  331351
Washtenaw Circuit Court
LC No.  14-000202-CH

Before:  SAWYER, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

In this action premised on a dispute between landowners regarding a property boundary line, plaintiffs appeal from the circuit court's order granting summary disposition to all defendants.  We reverse and remand.

## I.  FACTS

Plaintiffs' property abuts on its eastern border property owned by defendants Mukherjee, defendants Nicholson, and defendant Dahlmann.  The disputed strip of land runs along this

-1-

common border. Plaintiffs maintain that the boundary is demarked by a long-standing wire fence. They assert that they consistently treat the disputed strip of land as their own.

Plaintiffs filed a motion for summary disposition on their claim to quiet title to the disputed property in their favor. Plaintiffs asserted that they were the fee simple absolute owners of the disputed strip of land and thus their interest in the property was superior to any interest claimed by defendants. The hearing on the motion was postponed until January 2015, at which time an evidentiary hearing was held, at which competing surveyors testified as to the true boundary line. The court eventually denied plaintiffs' motion. In so doing, the court made several specific factual findings, and expressed its opinion that the surveyor proffered by defendants Nicholson was more credible that plaintiff's surveyor. The court concluded that plaintiffs "hold no right, title or interest in the Nicholson Property or any part or portion of the Nicholson Property; including, but not limited to, that portion of the Nicholson Property that Plaintiffs described as the 'Disputed Strip' in their pleadings . . . ." Subsequent motions were decided by the court consistent with this initial holding. Eventually, summary disposition in favor all defendants was entered.

## II. ANALYSIS

Plaintiffs argue that the trial court erred in granting summary disposition to all defendants on plaintiffs' claim for legal title to the disputed strip of property. We review de novo a trial court's grant or denial of summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Summary disposition motions under MCR 2.116(C)(10) test the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition of all or part of a claim or defense may be granted when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When deciding a motion for summary disposition brought under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party. *Maiden*, 461 Mich at 120. All reasonable inferences are to be drawn in favor of the nonmovant. *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010). However, "[a] trial court may not make findings of fact or weigh credibility in deciding a motion for summary disposition." *In re Handelsman*, 266 Mich App 433, 437; 702 NW2d 641 (2005). If, after reviewing the evidence, "reasonable people could differ, the question is properly left to the trier of fact." *Mull v Equitable Life Assurance Soc*, 196 Mich App 411, 421; 493 NW2d 447 (1992).

Here, plaintiffs filed a motion for summary disposition on their quiet title claim. In doing so, the court adopted the following findings of fact:

3. The eastern boundary of Plaintiffs' property borders property owned by the Nicholsons, as well as property owned by Dennis Dahlmann and property owned by Ranajit Mukherjee and Soma Mukherjee.

4. On or about March 6, 2014, Plaintiffs filed suit against the Nicholsons, Dahlmann, the Mukherjees, and others, alleging that the correct property line is a "historic fence line", depicted in a June 11, 2012 survey conducted by Kevin Gingras of Arbor Consultants.

5. The Nicholsons deny that the "historic fence line" is the correct property line. Conversely, the Nicholsons allege that the correct property line is as depicted in a[n] October 13, 2014 survey conducted by Christopher Fergus of Boss Engineering.

6. There is no trace of a fence, or remnants of a fence, on the Nicholsons' property.

* * *

10. The Court accepts Christopher Fergus' testimony as more credible than Kevin Gingras' testimony, and adopts the Fergus survey as setting forth the correct boundaries between Plaintiffs' property and that of Dahlmann, the Nicholsons, and the Mukherjees. The Fergus survey is attached to these Findings of Fact.

11. The accurate and correct boundary lines of the Nicholsons' property (which include the border between the Nicholsons' property and Plaintiffs' property) is set forth in Christopher Fergus' survey as the bold-lined border of "Lot 6".

12. The correct border between the Nicholsons' property and Plaintiffs' property, as reflected in the Fergus survey, is noted as "West Line Lot 6".

13. There are no additional questions of fact which would inhibit the entry of an Order granting summary disposition in favor of the Nicholsons and against Plaintiffs.

The court concluded that plaintiffs "hold no right, title or interest in the Nicholson Property or any part or portion of the Nicholson Property; including, but not limited to, that portion of the Nicholson Property that Plaintiffs described as the 'Disputed Strip' in their pleadings . . . ."

Two weeks later, defendants Mukherjee and defendant Wells Fargo Bank moved for entry of an order resolving plaintiffs' motion for summary disposition as to them. Eventually, the court concluded that in accordance with the findings of fact it previously adopted, defendants were "entitled to judgment in their favor on Plaintiffs' Complaint as a matter of law." And again referencing the evidentiary hearings, seven months later the court rejected plaintiffs' claims of acquiescence and adverse possession. The court stated that its ruling pertained to all defendants.

Holding the evidentiary hearing back in January 2015, which formed the foundation of the court's subsequent incremental rulings leading ultimately to dismissal of plaintiffs' entire claim for relief, is problematic. The purpose of a motion for summary disposition "is to avoid extended discovery and an evidentiary hearing when a case can be quickly resolved as a matter of law." *In re Handelsman*, 266 Mich App at 435-436. Consistent with this purpose is the

directive that "[a] trial court may not make findings of fact or weigh credibility in deciding a motion for summary disposition." *Id.* at 437. And although a trial court "may, under proper circumstances, order immediate trial to resolve any disputed issue of fact, and judgment may be entered forthwith if the proofs show that a party is entitled to judgment on the facts as determined by the court," such a trial may only "be ordered if the grounds asserted are based on subrules (C)(1) through (C)(6), or if the motion is based on subrule (C)(7) . . . ." MCR 2.116(I)(3). Motions predicated on (C)(10) are excluded from this list. So the evidentiary hearing held here cannot be excused as being an "immediate trial" permitted under the court rules.

The trial court made findings of fact, including regarding the continuing existence of the fence, and resolved what it itself characterized as a credibility contest between the two proffered surveyors (Fergus and Gingras) in favor of defendants Nicholson by adopting the Fergus survey. In this respect, the court erred. Accordingly, its grant of summary disposition to the Nicholsons was error—and this error affected all other proceedings held.

Accordingly, the matter is remanded so that the court may consider plaintiffs' motion for summary disposition of claim to quiet title under the well-established rules, which would preclude making findings of fact or weighing credibility. *In re Handelsman*, 266 Mich App at 437. If the court rules against plaintiffs, it should consider their motion to amend their complaint to add a claim brought under the Land Division Act, MCL 560.101 *et seq.*

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiffs may tax costs.

/s/ David H. Sawyer
/s/ Henry William Saad
/s/ Michael J. Riordan

-4-