*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* NORMA A. BOLSTER LIVING TRUST.

RONALD BOLSTER,

          Appellant,

v

LAWRENCE BOLSTER, JOHN BOLSTER,
ELAINE IONESCU, CARL BOLSTER, EVELYN
WEATHERHOLT, JESSICA BUFORD, and
JULIE BUFORD,

          Appellees.

UNPUBLISHED
February 18, 2020

No. 346814
Monroe Probate Court
LC No. 2017-000445-TV

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In this trust dispute, Ronald Bolster appeals as of right the probate court's order granting petitioners'[1] motion for summary disposition under MCR 2.116(C)(10), regarding their petition to invalidate his mother, Norma Bolster's trust as the product of undue influence. On appeal, Ronald contends that the probate court erred by granting petitioners' motion and removing Ronald as trustee because a genuine issue of material fact existed whether Ronald rebutted the presumption of undue influence, and the probate court failed to make any findings of fact or conclusions of law to support its decision to remove Ronald as trustee. We agree and therefore reverse the decision of the trial court and remand the matter for further proceedings.

---

[1] Appellees will be referred to collectively as petitioners as they filed the petition to invalidate the trust.

## I. FACTUAL BACKGROUND

Norma executed a will in 1990 in which she bequeathed her home and farmland to each of her children in equal shares. In 2012, Norma executed a revocable living trust. The trust provided that Ronald would retain a life estate in Norma's home and farmland upon Norma's death. The trust also provided that the property taxes, homeowner's insurance, and maintenance of the property would be funded by the revenue generated from a farmland lease that Norma executed in 2012. Petitioners were each devised a portion of the residue and remainder of the trust assets.

Norma died in April 2017. In September 2017, petitioners filed a petition for supervision of the trust, for entry of an order determining the invalidity of the trust, and for the removal of Ronald as trustee. Petitioners alleged that Norma's trust was invalid as the product of Ronald's undue influence. Ronald denied that Norma's trust was the product of undue influence. After the close of discovery, petitioners moved for summary disposition under MCR 2.116(C)(10). Petitioners relied on deposition testimony, medical records, and attorney correspondence to support their assertion that Norma's trust was the product of undue influence. Ronald asserted that a question of fact existed whether Norma's trust was the product of undue influence and relied on deposition testimony and attorney correspondence to show that Norma acted under her own volition when she executed the trust. Ultimately, the probate court granted petitioners' motion because petitioners' evidence gave rise to the presumption of undue influence and it ruled that Ronald failed to rebut that presumption. The probate court ordered Norma's trust invalidated and removed Ronald as trustee.

## II. STANDARD OF REVIEW

"This court reviews de novo a trial court's decision on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A summary disposition motion filed under MCR 2.116(C)(10) "tests the factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence." *Id.* "Summary disposition may be granted under MCR 2.116(C)(10) when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 408; 864 NW2d 591 (2014) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gorman*, 302 Mich App at 116 (quotation marks and citation omitted).

## III. ANALYSIS

### A. UNDUE INFLUENCE

Ronald argues that the probate court erred by granting petitioners' motion for summary disposition because he established the existence of a genuine issue of material fact whether he rebutted the presumption of undue influence. We agree.

"A trust is void to the extent its creation was induced by fraud, duress, or undue influence." MCL 700.7406. To establish undue influence, evidence must be presented that "the grantor was

subjected to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency and impel the grantor to act against [her] inclination and free will." *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 699; 880 NW2d 269 (2015) (citation and quotation marks omitted). "Proof of motive, opportunity, or even the ability to control the grantor is not sufficient to establish undue influence in the absence of affirmative proof that it was exercised." *Id*. (citations omitted).

A rebuttable presumption of undue influence arises when the evidence establishes "(1) the existence of a confidential or fiduciary relationship between the grantor and a fiduciary, (2) the fiduciary or an interest which he represents benefits from a transaction, and (3) the fiduciary had an opportunity to influence the grantor's decision in that transaction." *In re Mardigian Estate*, 502 Mich 154, 161; 917 NW2d 325 (2018). "Even when the presumption arises, the ultimate burden of proving undue influence remains on the party alleging that it occurred." *Bill & Dena Brown Trust*, 312 Mich App at 701 (citation omitted). Nonetheless, "the presumption satisfies the burden of persuasion, so if a party opposing the allegation of undue influence fails to offer sufficient rebuttal evidence, then the party alleging undue influence will have met its burden of persuasion." *Id*. (citation and quotation marks omitted).

The presumption of undue influence, however, may be rebutted by evidence refuting either the existence of undue influence or the existence of facts giving rise to the presumption of undue influence. See *Kar v Hogan*, 399 Mich 529, 542-544; 251 NW2d 77 (1976), overruled in part on other grounds by *In re Estate of Karmey*, 468 Mich 68, 69; 658 NW2d 796 (2003). When the presumption is established, the party seeking to enforce the trust must offer other evidence to rebut the presumption. *Kar*, 399 Mich at 542. "Whether the presumption of undue influence is rebutted is a question to be resolved by the finder of fact." *In re Peterson Estate*, 193 Mich App 257, 261; 483 NW2d 624 (1991).

The record reflects that petitioners established the presumption of undue influence. Petitioners presented evidence that a confidential or fiduciary relationship existed between Norma and Ronald. A confidential or fiduciary relationship "arises from a reposing of faith, confidence, and trust and the reliance of one upon the judgment and advice of another." *Vicencio v Ramirez*, 211 Mich App 501, 508; 536 NW2d 280 (1995). Petitioners presented evidence that Norma placed her faith, confidence, and trust in Ronald by presenting deposition testimony that Norma depended on Ronald for daily care and transportation, Ronald managed Norma's finances, and Ronald set up meetings with Norma's doctors and attorneys. Deposition testimony and attorney correspondence showed that Ronald benefited from the creation of the trust. Norma's 1990 will did not bequeath a life estate to him but Norma's trust did. Evidence also established that Ronald had the opportunity to influence Norma's decisions. Deposition testimony showed that Ronald lived alone with Norma, controlled Norma's finances, and controlled Norma's communications with her attorneys. The evidence presented to the probate court sufficed to establish the presumption of undue influence. Therefore, the burden shifted to Ronald to provide evidence to rebut the presumption or avoid summary disposition by establishing the existence of a genuine issue of material fact in that regard.

A probate court may not make findings of fact or weigh credibility when deciding a motion for summary disposition. *In re Handelsman*, 266 Mich App 433, 437; 702 NW2d 641 (2005).

The trier of fact must resolve whether the presumption of undue influence is rebutted. *In re Peterson Estate*, 193 Mich App at 261.

The record reflects that Ronald responded to petitioners' motion by presenting evidence that he did not subject Norma to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion to overpower her volition, destroy her free agency, or compel her to act against her inclination and free will. Considering that the presumption of undue influence may be rebutted by evidence disproving either the existence of undue influence or the existence of facts giving rise to the presumption of undue influence, the record reflects that Ronald established the existence of a question of fact whether he rebutted the presumption of undue influence. Ronald presented deposition testimony and attorney correspondence that tended to show that Norma acted under her own volition when she executed the trust. Deposition testimony indicated that Norma provided petitioners with copies of the trust despite Ronald's advice to her that she keep the terms of the trust a secret. Deposition testimony also established that several petitioners attempted to discuss the terms of the trust with Norma in an effort to persuade her to revoke Ronald's life estate, but Norma rebuffed their requests to modify the terms of the trust on multiple occasions. Petitioners eventually stopped discussing the matter with her because they were unable to persuade her to change her mind and the terms of the trust.

Ronald also presented evidence that Norma's first attorney, Christian Horkey, drafted several versions of Norma's 1990 will that reflected Norma's intent to convey a life estate to Ronald. Evidence established that Horkey omitted the life estate provision from Norma's will only after Norma's son John directed Horkey to do so. Norma's second attorney, Steven Hyder, drafted her trust to include the life estate to Ronald. Ronald submitted for the probate court's consideration Norma's son Carl's deposition testimony in which he opined that Norma intended to convey a life estate to Ronald upon her death.

The record reflects that Ronald submitted evidence that, at the very least, established the existence of a genuine issue of material fact whether he rebutted the presumption of undue influence. The evidence he presented, when considered in the light most favorable to the nonmoving party, as is required when a trial court is considering a motion brought pursuant to MCR 2.116(C)(10), tended to show that Norma acted under her own volition when she executed the trust. See *Kar*, 399 Mich at 542-544. Likewise, the evidence established a factual dispute existed whether Ronald controlled Norma in 2012 and exercised undue influence over her. Norma's second attorney, Hyder, testified that Norma acted under her own volition when she executed the trust. Horkey testified to the contrary. Therefore, a genuine issue of material fact existed for the trier of fact to determine whether Ronald unduly influenced Norma when she executed the trust. *In re Peterson Estate*, 193 Mich App at 261. Therefore, the probate court erred by granting petitioners' motion for summary disposition.

## B. REMOVAL AS TRUSTEE

We review for an abuse of discretion a probate court's decision whether to remove a trustee. *In re Baldwin Trust*, 274 Mich App 387, 396; 733 NW2d 419 (2007) (citation omitted). We review for clear error underlying factual findings made by the court. *Id*. A court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *Id*. at 397.

Under MCL 700.7706(2):

> The court may remove a trustee if 1 or more of the following occur:
>
> (a)  The trustee commits a serious breach of trust.
>
> (b)  Lack of cooperation among cotrustees substantially impairs the administration of the trust.
>
> (c)  Because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the purposes of the trust.
>
> (d)  There has been a substantial change of circumstances, the court finds that removal of the trustee best serves the interests of the trust beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available.

The probate court's decision to remove Ronald as trustee required that petitioners establish one or more grounds for his removal under MCL 700.7706(2).  The record reflects that the probate court removed Ronald as trustee because it invalidated the trust.  Because the probate court's removal decision rested upon its erroneous grant of petitioners' motion for summary disposition and invalidation of the trust, the probate court abused its discretion.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto