*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ESTATE OF IRENE SABAUGH TRUST.

---

KIMBERLY SABAUGH,

        Petitioner-Appellant,

v

ADAM Z. HOLLERBACH,

        Respondent-Appellee,

and

ROBERTO BIHAR, a special fiduciary, CHYRESSE NICHOLSON, SHELLY BELL, NATHAN M. HOLLERBACH, KIMBERLY R. BELL, COLIN M. BELL, and RANDALL A. DENHA,

        Other Parties.

UNPUBLISHED
March 19, 2025
10:46 AM

No. 365775
Oakland Probate Court
LC No. 2020-397628-TV

---

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Petitioner challenged for undue influence and lack of capacity a trust her mother executed. The probate court granted respondent's motion for summary disposition. We affirm.

## I. BACKGROUND

Petitioner and her sisters, Chyresse Nicholson and Shelly Bell, are the children of Irene and Samuel Sabaugh. In 2006, Samuel executed a trust, which identified himself as Settlor and Initial Trustee, and he identified petitioner, Chyresse, and Shelly as successor co-trustees. Irene also created a trust in 2006, although a finalized copy of this was not filed with this Court or the probate court. In 2009, Irene named her grandson, respondent, as her attorney-in-fact. In 2010, Samuel amended his trust to name respondent as successor Trustee. Samuel died in 2011.

-1-

In 2015, Irene executed a new trust. Irene named herself as the sole Trustee, and respondent as the successor Trustee. One specific provision of the 2015 Trust, the focus of this case, is the distribution of real estate ("the Property"). The 2015 Trust provided that, upon Irene's death, the Trustee was to distribute the Property to Irene's four grandchildren, one of whom is respondent. In separate documents, Irene named respondent as her attorney-in-fact and patient advocate. In July 2015, Irene also, as Trustee of her 2006 Trust, deeded the Property to herself. Irene then deeded the Property to herself as Trustee of the 2015 Trust. Irene's attorney, Randall Denha, notarized these deeds. Irene died in February 2020.

In December 2020, petitioner challenged the 2015 Trust. Respondent objected to the petition and moved for summary disposition. An attorney filed an appearance for petitioner in November 2021, and filed an affidavit in which petitioner asserted that she had a close relationship with Irene until 2015, but respondent and other beneficiaries isolated Irene from petitioner in the final years of Irene's life. Petitioner also moved to file a first amended petition, in which she alleged that a visit she had with Irene in July 2015 "enraged" respondent and that Irene's 2015 Trust significantly departed from Irene's and Samuel's previous estate plans. Plaintiff asserted that Irene had a history of mental illness, of which respondent should have been aware.

The probate court denied respondent's first motion for summary disposition and granted petitioner leave to file the amended petition. The probate court also issued various scheduling orders in the subsequent months. In an August 2022 scheduling order, the parties stipulated that discovery would remain open until further order of the court and that motions must be heard by October 5, 2022, with a contested hearing scheduled for December 1, 2022.

Petitioner's attorney withdrew from the case in August 2022, and, in September 2022, respondent moved for summary disposition under MCR 2.116(C)(10). Respondent included various exhibits, including a 2014 order evicting petitioner from Irene's Dearborn home, and an affidavit in which respondent attested that Irene had "clearly communicated" her intent that the Property go to her grandchildren. Respondent attested that Irene had sought a new attorney because the previous family attorney was "well into his 80's, on the brink of retirement," and he had been unable to produce records at times. Irene met with Denha, recommended by respondent's brother-in-law, but respondent did not participate in any meetings in which Irene and Denha discussed the contents of the 2015 Trust. Respondent's only involvement was to sometimes drive Irene to appointments and to discuss family organization, Irene's assets, and Irene's payment to Denha. Respondent also denied that Irene suffered from any mental illness, disability, or delusion at the time that she executed the 2015 Trust.

Respondent also provided Denha's affidavit. Denha explained that respondent sometimes brought Irene to the appointments, but respondent and Denha did not speak about the contents of the documents that Denha drafted for Irene. Denha asserted that "all substantive conversations concerning the documents that Irene sought to have created took place between [him]self and Irene only." Denha remembered Irene "adamantly" explaining that she wanted the Property to go her grandchildren. Denha stated that "Irene was a pleasant client that did not suffer from any mental or physical issues that hindered her ability to communicate." Denha did not think that Irene's decisions had been influenced by anyone.

Chyresse and Shelly likewise provided affidavits, in which they asserted that Irene had created the 2015 Trust because she intended for the Property to go to her grandchildren instead of her children. Chyresse and Shelly stated that Irene was capable of making her own decisions and that the 2015 Trust was not the result of undue influence.

Between September and November 2022, petitioner filed several responses to respondent's motion and a trial brief, attaching hundreds of pages of documents, including medical records, affidavits, and quitclaim deeds showing the Property transferring from Samuel and Irene, to Irene's 2006 Trust, to Irene, to the 2015 Trust. The medical records show that Irene had several physical and mental-health diagnoses, including depression, over the years, and she took various medications. Petitioner also provided affidavits from two individuals who relayed incidents that occurred in Irene's Dearborn home before Irene moved out.

In November 2022, petitioner moved to extend the deadline for motions and for leave to file a second amended petition. Petitioner argued that the Property had not been properly transferred, the trusts were not properly changed, and Samuel had amended his will when he had dementia.

During one hearing, petitioner explained, regarding her request to file a second amended petition, that her attorney had "trimmed everything down to" only include the undue-influence and capacity claims, but there were many other issues she wanted to address. The probate court stated that they were one or two months beyond the motion deadline, and it was going to address respondent's motion for summary disposition first.

Petitioner did not attend the next hearing after informing respondent's counsel that she was having a medical issue. The probate court found that petitioner's evidence consisted of affidavits that "mostly contain[ed] hearsay, as well as medical evidence that predated the execution of the trust." The probate court found that there was no genuine issue of material fact as to claims involving the execution of Irene's 2015 Trust. As to petitioner's motion to extend deadlines and file a second amended petition, the probate court found that petitioner's motion was untimely filed. Petitioner had filed her original petition "some two years ago," and the present hearing was occurring on the date originally scheduled for trial. Further, the probate court found that amendment would be futile and would cause prejudice.

Petitioner moved for reconsideration, which the probate court denied. Petitioner now appeals.

## II. ANALYSIS

### A. MOTION FOR SUMMARY DISPOSITION

Petitioner argues that the probate court erred by granting respondent's motion for summary disposition because there existed a genuine issue of material fact about her claim of undue influence. "We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). "When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party." *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate when there is no

genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (cleaned up). When the moving party carries its initial burden of establishing undisputed factual issues, the party opposing the motion must demonstrate with admissible evidence that a genuine question of material fact exists. See *In re Handelsman*, 266 Mich App 433, 436; 702 NW2d 641 (2005).

"A trust is void to the extent its creation was induced by fraud, duress, or undue influence." MCL 700.7406. The burden of establishing undue influence is generally with the party asserting it existed. *In re Mardigian Estate*, 502 Mich 154, 160; 917 NW2d 325 (2018). Undue influence exists when "the grantor was subjected to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency and impel the grantor to act against his inclination and free will." *In re Karmey Estate*, 468 Mich 68, 75; 658 NW2d 796 (2003) (cleaned up). It is not sufficient to merely demonstrate that motive, opportunity or the ability to control existed in the absence of affirmative evidence that control was exercised. *Id*.

A rebuttable presumption of undue influence arises when a party introduces evidence demonstrating "(1) the existence of a confidential or fiduciary relationship between the grantor and a fiduciary, (2) the fiduciary or an interest which he represents benefits from a transaction, and (3) the fiduciary had an opportunity to influence the grantor's decision in that transaction." *In re Mardigian Estate*, 503 Mich at 161 (cleaned up). Even when a rebuttable presumption arises, however, the presumption does not shift the burden of proof, and that burden remains with the contestant. *Id*. at 164.

Assuming that a presumption of undue influence existed, petitioner has not demonstrated that respondent exerted undue influence on Irene when she executed her 2015 Trust. Denha's affidavit indicates that he met alone with Irene when discussing the substantive elements of the trust, and he did not see evidence that Irene was incapable or improperly influenced. Chyresse's and Shelly's affidavits demonstrate that Irene executed the 2015 Trust without undue influence, explaining that the 2015 Trust accorded with Irene's stated intentions and that Irene did not lack capacity when executing it.

The affidavits that petitioner submitted do not demonstrate that respondent, or any one else, subjected Irene to threats or coerced her in a way that destroyed her free will. The affidavits by the men who knew Irene in Dearborn do not support petitioner's claims because it appears that Irene was no longer living in Dearborn when she executed the trust. Petitioner relies on a visit she allegedly had with Irene around the time of the creation of the 2015 Trust, but petitioner's recounting of that visit does not include descriptions of Irene as being threatened or coerced or unable to execute the 2015 Trust.

Although petitioner does not directly challenge the probate court's finding about capacity in the questions presented in her appellate brief, Irene's capacity could pertain to the claim of undue influence. Petitioner argues that Irene had various physical and mental health issues, but does not specify which portions of the records directly support her claims, or how. The records show that Irene, who was in her 70s and 80s through these relevant years, had various physical and mental health diagnoses, and took medications, but not that she lacked capacity at the time that she executed the 2015 Trust.

Petitioner makes additional claims related to Samuel amending his trust and will, which she argues support her position that Irene was also unduly influenced. Although, as petitioner argues, the signatures of Samuel and his witnesses to his 2010 codicil appear similar, this 2010 codicil was notarized and does not establish any issues with Irene's 2015 Trust that was completed with a different attorney. It was not the probate court's role to assess credibility, weigh the evidence, or resolve factual disputes, but, rather, to determine whether a genuine issue existed when reviewing the evidence. See *In re Handelsman*, 266 Mich App at 437. The probate court did not err in granting summary disposition to respondent.

## B. MOTION TO FILE SECOND AMENDED PETITION

Similarly, the probate court did not abuse its discretion by denying petitioner's motion to file her second amended petition. This Court reviews for an abuse of discretion a probate court's denial of a motion to amend a complaint. *Zwiker v Lake Superior State Univ*, 340 Mich App 448, 474; 986 NW2d 427 (2022). A probate court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*.

Generally, amendment is a matter of right. *In re Kostin*, 278 Mich App 47, 52; 748 NW2d 583 (2008). Beyond a first amendment, however, "a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." MCR 2.118(A)(2). MCR 2.401(B)(2)(a)(*ii*) provides that a court shall establish, in a scheduling order, deadlines for "the amendment of pleadings, adding of parties, or filing of motions." "[T]his Court must construe the rules to secure the just, speedy, and economical determination of every action," and a court may decline to hear motions filed beyond deadlines established in a scheduling order. *Kemerko Clawson, LLC v RXIV Inc*, 269 Mich App 347, 350; 711 NW2d 801 (2005) (cleaned up).

In this case, the latest scheduling order provided for motions to be heard by October 5, 2022. Petitioner moved to file her second amended petition more than one month later, on November 9, 2022. Her motion was indisputably untimely. Further, the motion was filed nearly two years after the original petition. This is a significant delay. Although a motion to amend should not be denied solely for delay, "the leeway granted to a plaintiff to amend a complaint is not a license for carelessness or gamesmanship." *Hamood v Trinity Health Corp*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364627); slip op at 11 (cleaned up). Here, plaintiff told the probate court that she was attempting to re-add the claims that her attorney had trimmed out in her first amended complaint filed a year earlier, resulting in respondent spending a year responding to those certain claims. Petitioner also argues that, under MCR 2.118(A)(3), the probate court should have ordered costs, rather than denying her motion to amend. The probate court was not, however, required to consider lesser options when denying her motion. See *Kemerko Clawson, LLC*, 269 Mich App at 352-353.

Moreover, the amendment would have been futile. Irene properly executed her 2015 Trust and transferred the Property to it. Petitioner argues that the probate court never reviewed the second amended petition, but by the time of the December hearing, in which it addressed the motion, the probate court had reviewed it. Accordingly, the probate court did not err by denying petitioner's motions to extend the deadlines or file a second amended petition.

## C. MOTION FOR RECONSIDERATION

Finally, petitioner argues that the probate court erred by denying her motion for reconsideration. This Court reviews for an abuse of discretion a probate court's decision on a motion for reconsideration. *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 445; 875 NW2d 250 (2015). Under MCR 2.119(F)(3), a motion for reconsideration that "merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." Instead, "[t]he moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3).

Petitioner's briefing on this issue only includes the standard of review and law regarding the issue, and she does not specifically argue how the probate court abused its discretion by denying her motion for reconsideration. Presumably, petitioner's stance is that the probate court erred by denying her motion for reconsideration for all of the reasons that she objects to summary disposition. The probate court, however, properly determined that petitioner failed to demonstrate that the court made a palpable error.

Finally, petitioner argues that the 2015 Trust did not properly revoke the 2006 Trust and that the Property was not properly deeded to the 2015 Trust. Although petitioner raised these issues at various times below, and attempted to file a second amended petition to include these allegations, the probate court did not decide these issues because they were not properly raised in the first amended petition. As previously noted, the probate court did not abuse its discretion by denying petitioner's motion to file a second amended petition.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron